No. 98-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 244N

STATE OF MONTANA

Plaintiff and Respondent,

v.

MOLLY KAKALECIK,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Cascade County Public Defender's Office, Great Falls, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: January 21, 1999

Decided: October 14, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Appellant Molly Kakalecik appeals from the order of the Eighth Judicial District Court, Cascade County, revoking her four year deferred imposition of sentence and**

sentencing her to a five year term in the Montana State Women's Prison for violating the terms of her probation. We affirm.

¶ On December 4, 1995, Appellant pleaded guilty to and was convicted of felony theft in the Eighth Judicial District Court, Cascade County. On January 17, 1996, the District Court issued a sentencing order deferring imposition of sentence for four years upon the condition that Appellant follow all rules and regulations of Adult Probation and Parole and not use or possess alcohol or illegal drugs. The order also required Appellant to submit to random blood, breath, or other bodily fluids testing upon request.

¶ On May 4, 1998, the State sought to revoke Appellant's deferred imposition of sentence on the grounds that she had violated its conditions. The basis for the State's petition was a report of violation by Appellant's probation officer, Stacy DiMaggio (DiMaggio), dated April 29, 1998, alleging Appellant had tested positive for THC and/ or amphetamines on 16 separate occasions between February 3, 1998, and April 14, 1998. With its petition, the State included the report of violation and seven toxicology reports prepared by the State Crime Lab showing Appellant's urinalysis results.

¶ On August 7, 1998, at Appellant's probation revocation hearing, DiMaggio testified to the results of several of Appellant's urinalysis tests. DiMaggio also testified that Appellant admitted to using drugs and missing appointments in violation of the terms of her probation. Overruling Appellant's objection that DiMaggio was not qualified to render testimony concerning Appellant's urinalysis test results, the District Court found Appellant in violation of her January, 1996 order, revoked Appellant's deferred imposition of sentence, and imposed a five-year prison term.

¶ At the same hearing appellant testified on cross-examination that she had used drugs during the time she was on probation. In response to the State's question "isn't it a fact, Molly, since you've been on supervision, you have continued...to use drugs?" Appellant answered "[y]es, I admit to using, yes, I have."

¶ The rules of evidence do not apply to probation revocation hearings. *State v. Nelson* (1987), 225 Mont. 215, 218, 731 P.2d 1299, 1301. *See* Rule 101(c)(3), M.R.Evid. A revocation hearing is not a criminal trial. *State v. Kingery* (1989), 239 Mont. 160, 165, 779 P.2d 495, 498. Although the hearing is not a criminal trial, "the minimum requirements of due process are extended to sentence revocation hearings." *Nelson,*

**225 Mont. at 218, 731 P.2d at 1302 (citing *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656). "[T]hat process must be flexible enough to allow the court to consider documentary evidence that may not meet usual evidentiary requirements." *Kingery*, 239 Mont. at 167, 779 P.2d at 499 (citing *U.S. v. Simmons* (9th Cir. 1987), 812 F.2d 561, 564).**

**¶ Appellant has already been convicted of a crime. This results in Appellant being due less process than in a criminal trial. The standard at a probation revocation hearing is "fundamental fairness". *Kingery*, 239 Mont. at 167, 779 P.2d at 499 (citing *Petition of Meidinger* (1975), 168 Mont. 7, 15, 539 P.2d 1185, 1190).**

> In a probation revocation hearing the due process requirements are: a) written notice of the violations; b) disclosure of evidence against the probationer; c) opportunity to be heard in person and to present witnesses and evidence; d) a neutral tribunal; e) a written statement by the fact finder as to the evidence relied on and the reasons for revoking; f) the right to cross-examine witnesses unless the hearing body finds good cause for disallowing confrontation; and g) the right to counsel in some circumstances.

*Kingery*, 239 Mont. at 165, 779 P.2d at 498. Appellant received written notice of her alleged violations through the State's May 4, 1998 petition to revoke her suspended sentence. The petition included allegations that Appellant's drug test results showed she had used THC and methamphetamine in violation of her probation. The State's evidence against Appellant was therefore properly disclosed to her in its petition. At the hearing, Appellant had the assistance of counsel, was given the opportunity to testify, present evidence on her behalf, and cross-examine witnesses.

**¶ While the District Court did not set forth in writing a statement as to the evidence it relied upon for revoking Appellant's suspended sentence, the record discloses more than enough evidence to revoke the probation. Any error made by the District Court is harmless error and does not constitute grounds for reversal. Section 46-20-701, MCA, provides:**

> (1) ... . A cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial.

(2) Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

Section 46-20-701, MCA. *See State v. Steffans* (1981), 195 Mont 395, 398, 636 P.2d 836, 838.

¶ **Affirmed.**

/S/ WILLIAM E. HUNT, SR.


We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY