DA 06-0191

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 50

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

KELVIN KEITH ERICKSON,

  Defendant and Appellant.

APPEAL FROM: District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 2001-055
and DC 2002-048
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Chad Wright, Appellate Defender, Helena, Montana

  For Appellee:

  Hon. Mike McGrath, Montana Attorney General, Jennifer Anders,
Assistant Attorney General, Helena, Montana

  Scott Herring, Dawson County Attorney, Glendive, Montana

      Submitted on Briefs: November 22, 2006

         Decided: February 13, 2008

Filed:

   _____
        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Kelvin Erickson appeals the amended judgment of the District Court for the Seventh Judicial District, Dawson County, crediting him with 267 days time served in jail for Cause No. DC 01-055 and 457 days time served in jail for Cause No. DC 02-048. We affirm.

¶2 We address the following issue on appeal: Whether the District Court erred in determining credit for time served.

### Factual and Procedural Background

¶3 The facts in this case are more fully set forth in *State v. Erickson*, 2005 MT 276, 329 Mont. 192, 124 P.3d 119 (*Erickson I*). Erickson was arrested in Dawson County on November 1, 2001, and placed in jail. On December 4, 2001, the State charged Erickson with criminal possession of dangerous drugs, a felony, in violation of § 45-9-102(5), MCA (DC 01-055). Bail was initially set at $50,000.00. Erickson was unable to post bail, thus he remained incarcerated until his bail amount was reduced. He was able to post a commercial surety bond in the amount of $5,000.00 on July 25, 2002, and he was released.

¶4 On September 19, 2002, while out on bond, Erickson and two other individuals were arrested for manufacturing methamphetamine (meth). Erickson was charged with operating an unlawful clandestine lab, a felony, in violation of § 45-9-132(1)(a), MCA (DC 02-048). His bail was set at $250,000.00, and he remained incarcerated until sentencing.

2

¶5 On the morning of the scheduled trial in DC 01-055, Erickson entered into a plea agreement with the State wherein he agreed to plead guilty to the possession charge in DC 01-055, and to enter an *Alford* plea on the clandestine lab charge in DC 02-048. In exchange, the State agreed to recommend a five-year suspended sentence in DC 01-055, and to make a binding recommendation for a concurrent ten-year sentence with five years suspended in DC 02-048. The agreement also stated that the sentences would

> run concurrently and [Erickson] will be given credit for time served awaiting trial in DC 02-048, i.e., credit for time served from the date of his arrest on the unlawful operation of clandestine lab charge to the time of sentencing.

At the change of plea hearing on September 18, 2003, the District Court accepted Erikson's guilty pleas.

¶6 On December 19, 2003, the District Court held a combined sentencing hearing. At this hearing, the court sentenced Erickson to five years in Montana State Prison (MSP) in DC 01-055 with all time suspended and ten years in MSP in DC 02-048 with five years suspended. The court also ordered that the two sentences were to run concurrently. In its December 23, 2003 Judgment and Order Suspending Sentence, the District Court ordered that Erickson would be credited with 289 days served in DC 01-055 and 430 days served in DC 02-048. Erickson appealed arguing, among other things, that he must be given credit in DC 01-055 for all of the time he served in jail.

¶7 On November 1, 2005, we issued our Opinion in *Erickson I* wherein we reversed and remanded for a determination of whether Erickson's bond in DC 01-055 was revoked and for further inquiry into the question of credit for time served. *Erickson I*, ¶ 39. We

3

stated in *Erickson I* that if Erickson's bond in DC 01-055 was revoked on September 19, 2002, and he was surrendered to the Sheriff, he was then incarcerated awaiting trial on the charges in DC 01-055 as well as those in DC 02-048. In such case, his incarceration was directly related to the charges in DC 01-055, hence § 46-18-403(1), MCA, would require that he receive credit for the time between his arrest and when judgment was entered on that charge. However, if his bond in DC 01-055 was never revoked, then he was not incarcerated on that charge after his release on July 25, 2002, and he need not receive credit against that charge for the time served after his arrest on September 19, 2002. *Erickson I*, ¶¶ 24-25.

¶8     The District Court held a hearing on the matter on January 5, 2006, and on January 26, 2006, the court issued an Order wherein it made the following findings:

> That on Case No. DC 01-055, that the Defendant's Bail was not formally revoked on September 19, 2002, and therefore the Defendant shall not be given credit for time served in jail on Case No. DC 01-055 for days served in jail beginning September 19, 2002. The Court FURTHER FINDS that the Defendant was not surrendered by his Bondsman to the Dawson County Sheriff's Department until after the Defendant was arrested on Case No. DC 02-048.

The court issued its Amended Judgment and Order Suspending Sentence the same day. In this amended judgment, the court ordered that Erickson be given credit for time served in custody in DC 01-055, from his arrest on November 1, 2001, to his release on bond on July 25, 2002, for a total of 267 days; and in DC 02-048, from his arrest on September 19, 2002, to the sentencing hearing on December 19, 2003, for a total of 457 days.

4

¶9 Erickson appeals the District Court's judgment arguing that he should also be given credit in DC 01-055 for the 457 days he served in custody from September 19, 2002, when he contends his bond in that case was revoked, until his combined sentencing hearing on December 19, 2003.

**Standard of Review**

¶10 Trial judges are granted broad discretion to determine the appropriate punishment for offenses. *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8 (citing *State v. Hembd*, 254 Mont. 407, 411, 838 P.2d 412, 415 (1992)). On appeal we will not review a sentence for mere inequity or disparity. *Webb*, ¶ 8. Instead, we will only review a criminal sentence for its legality; that is, whether the sentence is within statutory parameters. *Webb*, ¶ 8 (citing *State v. Heath*, 2004 MT 58, ¶ 8, 320 Mont. 211, ¶ 8, 89 P.3d 947, ¶ 8). Moreover, a trial court's statutory interpretation is a question of law, which we review to determine whether it is correct. *Webb,* ¶ 8.

**Discussion**

¶11 *Whether the District Court erred in determining credit for time served.*

¶12 Erickson argues on appeal that he should be given full credit for both the 267 days he spent in custody in DC 01-055 prior to being released on bail and the 457 days he spent in custody after he claims his bail in DC 01-055 was revoked. In other words, Erickson maintains that he should receive 724 days credit in DC 01-055 as well as the 457 days credit he received in DC 02-048.

¶13 Section 46-18-403(1), MCA (2001), provides:

**Credit for incarceration prior to conviction.** (1) Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

In *State v. Kime*, 2002 MT 38, ¶ 15, 308 Mont. 341, ¶ 15, 43 P.3d 290, ¶ 15, *overruled in part on other grounds by State v. Eaton*, 2004 MT 283, 323 Mont. 287, 99 P.3d 661, we stated that

> the general purpose of § 46-18-403(1), MCA, is to eliminate the disparity of treatment between indigent and nonindigent defendants. In other words, credit for time served is given so as not to penalize indigent defendants who are unable to post bail and must remain in custody until they are sentenced when nonindigent defendants may secure their release and remain free during that time period.

However, we further stated in *Kime* that

> [t]hat purpose is not served by crediting a defendant's sentence for time served where the defendant would not have been released from custody had he or she been able to post bail in any event as a result of being held on a sentence related to an earlier offense.

*Kime*, ¶ 15.

¶14     In the instant case, the State argues that our ruling in *State v. Price*, 2002 MT 150, 310 Mont. 320, 50 P.3d 530, should be extended to the facts in the case here to prevent Erickson from receiving "what amounts to a double credit." Price was charged with Driving Under the Influence (DUI), a fourth or subsequent offense, and four misdemeanors. He pled guilty to the misdemeanors prior to trial. He was convicted of the DUI charge following a jury trial and sentenced to twelve months imprisonment for that offense with four years probation. The district court sentenced Price to a total of twelve days in jail on the misdemeanor offenses to run consecutively to the DUI

sentence. Because Price had served eighteen days in jail awaiting trial, the court deemed the misdemeanor jail sentences served, and credited the remaining six days of time served to Price's DUI sentence. *Price*, ¶ 1.

¶15 Price contended on appeal that the district court erroneously applied § 46-18-403(1), MCA. He argued that the district court was required to grant him full credit for time served on *each* sentence imposed. In other words, according to Price, for the eighteen days he remained in jail prior to trial, he should have received eighteen days credit against his DUI sentence along with the time credited toward his misdemeanor sentences. *Price*, ¶ 23.

¶16 In *Price*, we cited with favor the following statement made by the Hawaii Supreme Court:

> "Once credit has been granted, no additional purpose is served by granting a second or 'double credit' against a later consecutive sentence. Courts in other jurisdictions having similar statutes agree that a defendant who receives consecutive sentences is entitled to presentence credit only once against the aggregate of the consecutive terms, while a defendant sentenced to concurrent terms in effect receives credit against each sentence."

*Price*, ¶ 27 (quoting *State v. Tauiliili*, 29 P.3d 914, 918 (Haw. 2001)). And, we held in *Price* that "§ 46-18-403(1), MCA, entitles defendants to credit for presentence incarceration only once against the aggregate of all terms imposed when multiple sentences are imposed *consecutively*." *Price*, ¶ 28 (emphasis added).

¶17 In the case *sub judice*, the State would like us to analogize this case to *Price* and hold that concurrent sentences should be treated the same as the consecutive sentences in *Price*—i.e., that a defendant should be entitled to credit for presentence incarceration

only once against the aggregate of all terms imposed. However, in making this argument, the State failed to point out the last portion of the quotation in *Price* from the Hawaii Supreme Court that "a defendant sentenced to *concurrent* terms in effect receives credit against *each* sentence." *Price*, ¶ 27 (emphasis added); *Tauiliili*, 29 P.3d at 918 (emphasis added). While this statement is not explained further in *Price*, we are reluctant to extend *Price's* holding regarding consecutive sentences to the concurrent sentences in the instant case given this statement. And, indeed, as demonstrated below, it is not necessary that we do so here. In addition, we admonish counsel that when relying on cases to support an argument, they take care not to overlook and omit portions of the case that could prove contrary to their argument.

¶18 In *Erickson I*, we remanded to the District Court "for a determination of whether Erickson's bond on DC-01-055 was revoked [and] for calculation of and ordering of credit against his sentences in conformity with" that opinion. *Erickson I*, ¶ 39. We stated in *Erickson I* that "[w]hile the record on appeal includes a copy of the bond revocation, it has never been established in the District Court that Erickson's bond in DC-01-055 was revoked." *Erickson I*, ¶ 26. We further stated that

> [i]t is clear under the circumstances of this case that, if Erickson's $5,000 bond was revoked by his bondsman pursuant to § 46-9-401(3), MCA, on September 18, 2002, and he was surrendered to the Sheriff, he was then incarcerated awaiting trial on the charges in DC-01-055 as well as those in DC-02-048. His incarceration was, in such instance, directly related to the charges in DC-01-055, and § 46-18-403(1), MCA, would require that he receive credit for the time between his arrest and when judgment was entered on that charge.
>
> If the truth of the matter is that Erickson's bond in DC-01-055 was never revoked, the District Court would be correct that he was not

8

> incarcerated on that charge after his release on July 25, 2002, and he need not receive credit for such time served.

*Erickson I*, ¶¶ 24-25.

¶19 We made this determination based on our holding in *Kime* that "pursuant to § 46-18-403(1), MCA, a defendant's sentence may be credited with the time he or she was incarcerated only if that incarceration was *directly related* to the offense for which the sentence is imposed." *Erickson I*, ¶ 21 (quoting *Kime*, ¶ 16) (emphasis added). Kime was arrested on November 26, 2000, on charges of felony theft, DUI and driving while his license was suspended, and placed in the Gallatin County Detention Center. He did not post bail, hence he remained incarcerated at the detention center. At the time of his arrest, Kime was participating in a supervised release program as part of a prior sentence for a felony assault conviction. The prior sentence committed Kime to the custody of the Montana Department of Corrections (DOC) for a period of ten years with five years suspended. On December 5, 2000, the DOC removed Kime from the supervised release program and transferred him to MSP to serve the remainder of his sentence on the felony assault conviction. *Kime*, ¶¶ 3-4.

¶20 On December 12, 2000, the State charged Kime by Information with felony theft, second offense DUI and driving while his license was suspended. Kime pled guilty to the charges pursuant to a plea agreement and he was sentenced on April 2, 2001. At sentencing, Kime requested that the court credit him with time served from the date of his arrest on November 26, 2000, until the April 2, 2001 sentencing. However, the district

court credited Kime with only the 20 days served between his arrest and December 5, 2000, when Kime was transported from the detention center to MSP. *Kime*, ¶ 5.

¶21 On appeal, the State pointed out in *Kime* that § 46-18-403(1), MCA, provides for credit only for time a defendant is "incarcerated on a *bailable* offense" (emphasis added), and that once Kime was transported to MSP, he was incarcerated on, and serving his sentence for, his nonbailable prior felony conviction. *Kime*, ¶ 13. We agreed with the State's argument in *Kime*, that a defendant should only be credited for time served prior to sentencing where the incarceration is *directly related to the offense for which the sentence is imposed*, and we so held. *Kime*, ¶¶ 13, 16.

¶22 In the instant case, the District Court stated the following at the January 5, 2006 sentencing hearing after remand:

> I do not believe that the bonding company in this case personally delivered the defendant to the Sheriff's Office and that he was then arrested. The record reflects that there was a stop of a vehicle in which he was a passenger; that there was a search of the vehicle; drugs were found and arrests were made on September 18th [2002]. My belief is that after that arrest, the bonding agents came in and revoked the bail in the 01 charge.
> As the Supreme Court indicated in paragraph 25 [of *Erickson I*], if the truth of the matter is that Erickson's bond in DC 01-055 was never revoked, the district the court [sic] would be correct that he was not incarcerated on that charge after his release on July 25, 2002, and he need not receive credit for such time served.
> It is the opinion of the court that he need not and should not be given credit for time served from September 18th [2002] because he was in custody from that date on the 02 charge of operating a clandestine lab.

And, in its January 26, 2006 Order, the court made the following findings:

> That on Case No. DC 01-055, that the Defendant's Bail *was not formally revoked* on September 19, 2002, and therefore the Defendant shall not be given credit for time served in jail on Case No. DC 01-055 for days served in jail beginning September 19, 2002. The Court FURTHER

10

FINDS that the Defendant was not surrendered by his Bondsman to the Dawson County Sheriff's Department until after the Defendant was arrested on Case No. DC 02-048. [Emphasis added.]

¶23 Consequently, we hold that the 467 days Erickson served following his arrest on September 19, 2002, until his sentencing on December 19, 2003, was directly related to the clandestine lab charge (DC 02-048) and only incidentally related to the possession charge (DC 01-055). Hence, the District Court was correct in crediting Erickson with 467 days served in DC 02-048 and refusing to credit him a second time in DC 01-055 for the 467 days he served awaiting trial on the charges in DC 02-048.

¶24 As the State points out in its brief on appeal, the District Court's ruling was consistent with Erickson's plea agreement, which stated that Erickson "will be given credit for time served awaiting trial in DC 02-048, i.e., credit for time served from the date of his arrest on the unlawful operation of clandestine lab charge to the time of sentencing." Furthermore, at the January 5, 2006 sentencing hearing after remand, the District Court specifically noted on the record that

had it not been for the plea bargain agreement Mr. Erickson would have received a substantially harsher sentence than what was actually imposed.
. . . .
Looking back at this, I guess I wish I had not followed the plea agreement and imposed something considerably more stringent on this defendant.

To impose a statutory duty on the sentencing court to apply an additional 457 days credit in DC 01-055 in addition to the 457 days credit for time served in DC 02-048 not only undermines the plea agreement, but results in a substantially different sentence than what was contemplated by the District Court.

11

¶25    Accordingly, we hold that the District Court did not err in determining credit for time served in this case.

¶26    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE