

DA 07-0449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 375

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

ROBERT ROY MILLIGAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DC 06-61
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant Appellate
Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General; J. Stuart Segrest, Assistant
Attorney General, Helena, Montana

            Robert M. McCarthy, Silver Bow County Attorney, Butte, Montana

Submitted on Briefs:  September 10, 2008

Decided:  November 13, 2008

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Robert Roy Milligan (Milligan) appeals from an order entered in the Second Judicial District, Silver Bow County, convicting him of one count of felony negligent vehicular assault and two counts of misdemeanor negligent vehicular assault. We affirm in part, reverse in part, and remand.

¶2 Milligan presents the following issues for review:

¶3 Whether the District Court violated Milligan's statutory right to plead guilty to a driving under the influence (DUI) charge later dismissed in city court.

¶4 Whether the District Court's refusal to accept Milligan's guilty plea to the DUI charges prejudiced Milligan by foreclosing a double jeopardy claim.

¶5 Whether the District Court failed to credit Milligan with the full 215 days of incarceration before his sentencing.

## PROCEDURAL AND FACTUAL BACKGROUND

¶6 Milligan was involved in a two-vehicle collision on April 10, 2006, in the vicinity of Front Street and Harrison Avenue in Butte, Montana. Two people occupied each vehicle. Milligan was the driver of a 1995 Toyota sedan. James Whittington (Whittington) was Milligan's passenger. Fred Lanch (Lanch) was the driver of a 1991 Chevrolet pickup truck. Carol Perket (Perket) was Lanch's passenger.

¶7 Officer Jeremy Bishop was the initial officer on the scene. Both vehicles had extensive front end damage that indicated a head-on collision. Officer Bishop spoke briefly to Milligan while Milligan was being removed from the Toyota sedan. The officer detected a "strong odor of alcoholic beverages" on Milligan's breath. Officer Bishop spoke with three witnesses to the crash. Doug Garrison (Garrison) was driving west on Front Street

behind Lanch's pickup truck. Erin Heffernan and Rhonda Cross were driving in a vehicle behind Garrison. All three witnesses noted that Lanch's pickup truck was traveling in the left-hand westbound lane of Front Street prior to the crash. The witnesses estimated that Lanch's truck was operating at the 35 miles per hour speed limit. The witnesses reported that the Toyota sedan was eastbound at a "higher rate of speed." The witnesses saw the Toyota cross the center line and hit the pickup truck head on. Investigators found a fresh tire mark on the street. A yaw mark that started in the eastbound lane and crossed the center line confirmed the witnesses' accounts of the collision.

¶8 Whittington telephoned the Butte-Silver Bow County Attorney on April 27, 2006. Whittington confirmed that he and Milligan had been drinking alcoholic beverages before the crash. Whittington testified that Milligan drank one pint of whiskey at his house before driving. Milligan and Whittington were driving to the store for chewing tobacco and more whiskey at the time of the collision. Investigative subpoenas to St. James Healthcare for Milligan's medical records showed Milligan had a blood-alcohol level of .290 percent.

¶9 Whittington, Lanch, and Perket all suffered injuries as a result of the collision. Whittington suffered a broken rib and a fractured left clavicle. Lanch suffered a hip fracture and hip dislocation resulting in two hip surgeries. Lanch had blood clotting problems resulting in further medical complications. Medical personnel also discovered that Lanch suffered from Guillain-Barre Syndrome. Medical personnel informed Lanch, who did not know he suffered from this syndrome, that trauma can cause the symptoms to arise. Perket suffered multiple bruises on her left shoulder, left arm, left thigh, and other locations. Perket experienced significant pain but did not sustain any serious internal injuries.

¶10 Milligan has a long history of driving while intoxicated that includes three previous DUI convictions. Milligan also has felony convictions for forgery and non-support. Milligan was on probation for his non-support conviction in Cascade County at the time of the accident.

¶11 The State charged Milligan in Butte city court on April 11, 2006, for DUI, habitual offender, no insurance, and reckless driving. The State also charged Milligan in District Court on April 13, 2006, with two counts of negligent vehicular assault, a felony, and one count of negligent vehicular assault, a misdemeanor. All of these charges arose from the April 10, 2006, collision.

¶12 The court set the matter for jury trial on December 18, 2006. Milligan failed to appear before the court for a final pretrial conference on December 7, 2006. The District Court issued a bench warrant for Milligan's arrest. Milligan was arrested in Idaho on December 10, 2006. Authorities transported Milligan to the Butte-Silver Bow jail on January 17, 2007. Milligan remained in custody in Butte until he was remanded to the Montana Department of Corrections following his July 12, 2007, sentencing. A period of 215 days elapsed from Milligan's arrest in Idaho on the District Court's warrant until his sentencing.

¶13 Milligan asked the city court on March 20, 2007, to enter a guilty plea to the DUI and other related citations. The city court informed Milligan that it wished to confer with counsel for the State, who was out of the office that day, before it accepted Milligan's plea. The State moved to dismiss the DUI and related citations approximately a week later. The city court granted the State's motion over Milligan's objections.

4

¶14     The District Court held a two-day jury trial on the remaining charges on April 17-18, 2007. Milligan had requested the right to represent himself. The District Court had granted Milligan's request after questioning Milligan regarding the consequences of his choice. The court also had appointed stand-by counsel. The jury found Milligan guilty of one count of negligent vehicular assault, a felony, and two counts of negligent vehicular assault, a misdemeanor. The court ordered a pre-sentence investigation (PSI) and set Milligan's sentencing for July 12, 2007.

¶15     The court sentenced Milligan to the Montana State Prison (MSP) for a term of ten years with five years suspended. The court adopted the PSI and credited Milligan with 178 days served. The PSI failed to include the thirty-seven days that Milligan had been incarcerated in Idaho on the Montana bench warrant. The court further ordered Milligan to pay restitution to the victims, surcharges, and fines. The court also requested Milligan to complete a number of treatment programs in MSP. Milligan appeals.

## STANDARD OF REVIEW

¶16     We review a district court's conclusions of law de novo to determine whether they are correct. *Giambra v. Kelsey*, 2007 MT 158, ¶ 28, 338 Mont. 19, ¶ 28, 162 P.3d 134, ¶ 28 (citations omitted).

## DISCUSSION

¶17     *Whether the District Court violated Milligan's statutory right to plead guilty to a driving under the influence (DUI) charge later dismissed in City Court.*

¶18     Milligan contends that he had a statutory right to plead guilty to the DUI charge in city court and that the city court improperly dismissed the DUI charge. Milligan claims that

5

he was a jail inmate and requested to be brought to city court to enter a plea of guilty in open court. Authorities brought Milligan to the city court. Milligan informed the court that he wanted to plead guilty to the DUI charge. The city court did not accept Milligan's guilty plea as the State was unavailable. The State later requested the court to dismiss all charges against Milligan. The State contended that it retains discretion to determine which charges to prosecute. The court agreed and dismissed all pending charges against Milligan in city court.

¶19 Milligan cites *State v. Peplow*, 2001 MT 253, ¶¶ 37-43, 307 Mont. 172, ¶¶ 37-43, 36 P.3d 922, ¶¶ 37-43, to support his claim that Montana statutes mandate that the court accept his guilty plea to a pending criminal charge in open court, so long as his plea is voluntary, knowing, and intelligent. We addressed the obligations a court must satisfy before accepting a guilty plea in *Peplow*, including ensuring that a factual basis exists for the plea, that the defendant understands the nature of charges made against him, that he understands the penalties, and that he understands his rights. *Peplow*, ¶¶ 34-36.

¶20 The court in *Peplow* determined that Montana statutes confer upon a defendant the right to plead guilty to the crime charged "before or during trial," pursuant to § 46-16-105, MCA. Thus, the court concluded that the district court had erred in refusing to accept Peplow's guilty pleas to several pending charges at the beginning of the trial. *Peplow*, ¶ 43. This conclusion did not end the inquiry. The Court proceeded to address whether the district court's error in denying Peplow his statutory right to plead guilty prejudiced Peplow's defense to the other pending charges. *Peplow*, ¶¶ 46-56. The Court deemed that the error constituted a type of trial error susceptible to harmless error analysis. *Peplow*, ¶ 46.

6

¶21     Milligan raises a claim of a similar type of trial error equally susceptible to harmless error analysis. In fact, we proceed directly to harmless error analysis of Milligan's claim that the city court erred in denying his statutory right to plead guilty to the DUI charge in light of the fact that the city court dismissed the DUI charges to which Milligan wanted to plead guilty.

¶22     The court in *Peplow* held that the district court's refusal to accept his guilty plea prejudiced his defense. *Peplow*, ¶ 56. Peplow attempted to enter his guilty plea to two of his five charges pending in the district court. *Peplow*, ¶ 12. The jury ultimately found Peplow guilty on all charges. *Peplow*, ¶ 16. Here, by contrast the State moved to dismiss the DUI charge against Milligan in city court. The city court granted the motion and dismissed the DUI charges. Milligan fails to explain how the city court's refusal to accept his guilty plea to the DUI charges prejudiced him with respect to the final resolution of the DUI charges in light of the fact that the city court dismissed the DUI charges. We can see no prejudice under these circumstances and deem harmless any error that the city court may have committed in denying Milligan his statutory right to plead guilty to the DUI charges.

¶23     *Whether the District Court's refusal to accept Milligan's guilty plea to the DUI charges prejudiced Milligan by foreclosing a double jeopardy claim.*

¶24     Milligan argues separately that the court's denial of his guilty plea to the DUI charge prejudiced his defense to the State's filing of charges in district court. Milligan contends that double jeopardy would have barred the State from prosecuting him in District Court for negligent vehicular assault if the city court would have accepted his guilty plea to the DUI charges.

7

¶25 The double jeopardy protections of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution, prohibit imposition of multiple punishments in a single prosecution for the same offense. *State v. Dixon*, 2000 MT 82, ¶ 42, 299 Mont. 165, ¶ 42, 998 P.2d 544, ¶ 42. The constitutional prohibition also protects citizens from multiple prosecutions for the same offense after acquittal or conviction. *Dixon*, ¶ 45. Milligan argues that the city court's refusal to allow him to plead guilty to the DUI charge foreclosed a potentially meritorious double jeopardy defense to the felony vehicular negligent homicide charge.

¶26 Milligan assumes that a guilty plea on the DUI charges automatically would have barred the State from prosecuting him for the felony negligent vehicular assault charges. We rejected a similar double jeopardy claim in *State v. Condo*, 2008 MT 114, ¶ 5-6, 342 Mont. 468, ¶ 5-6, 182 P.3d 57, ¶ 5-6. The State charged Condo in city court with several misdemeanors stemming from the same accident, including DUI, second offense. *Condo*, ¶ 5. Condo pled guilty to the DUI and the city court fined him and jailed him. *Condo*, ¶ 5. The State also charged Condo in district court with negligent vehicular assault, a felony. *Condo*, ¶ 5.

¶27 Condo filed a motion to dismiss the negligent vehicular assault charge in district court. *Condo*, ¶ 6. Condo argued that his guilty plea to DUI in city court prohibited him from being charged in district court with negligent vehicular assault, as his right against double jeopardy would be violated. *Condo*, ¶ 6. The Court concluded that the two offenses did not arise from the "same transaction" as they do not share the same purpose, motivation, and criminal objective. *Condo*, ¶ 18.

8

¶28 Milligan urges the Court to distinguish *Condo* on the basis that *Condo* involved a "statutory argument" regarding § 46-11-503, MCA, the requirements for a "same transaction" under § 46-1-202(23), MCA, § 3-5-302(2), MCA, and cases such as *State ex. rel. Booth v. Montana*, 1998 MT 344, ¶ 3, 292 Mont. 371, ¶ 3, 972 P.2d 325, ¶ 3. Milligan argues that these authorities are not controlling with respect to Milligan's constitutional right against serial prosecutions for the same offense.

¶29 Milligan's argument presupposes serial prosecutions on the DUI charge and the felony negligent vehicular homicide charge. Milligan faced no serial prosecutions. The State simply charged Milligan with DUI in city court. Milligan was neither acquitted nor convicted of DUI. The State chose to halt its prosecution of Milligan when it moved to dismiss the DUI charge in city court. The State elected instead to proceed with prosecution of the felony negligent vehicular homicide charge rather than the DUI charge. The State possesses discretion as to which charge, if any, that it pursues against a defendant. *State v. Hamilton*, 2007 MT 223, ¶ 45, 339 Mont. 92, ¶ 45, 167 P.3d 906, ¶ 45. The city court granted the State's motion to dismiss the DUI charge. Milligan's right not to be subjected to multiple prosecutions for the same offense could not have been abridged once the city court dismissed the DUI charge. *Dixon*, ¶ 46.

¶30 Double Jeopardy serves as a shield to protect defendants from multiple prosecutions, among other things, for the same offense after acquittal or conviction. *Dixon*, ¶ 45. Milligan never faced prosecution for the DUI as the city court dismissed the charge. We never have held that a defendant has a constitutional right to use the double jeopardy clause as a sword to fend off more serious charges arising from the same facts that the State could bring. *See*

9

*Alston v. Redman*, 34 F.3d 1237, 1247 (3d Cir. 1994). The city court's dismissal of all pending charges against Milligan had no affect on the charges against Milligan in District Court.

¶31 *Whether the District Court failed to credit Milligan with the full 215 days of incarceration before his sentencing.*

¶32 Milligan was arrested and incarcerated in Idaho on December 10, 2006. Authorities transferred Milligan to Butte jail on January 17, 2007. The PSI failed to credit Milligan with thirty-seven days of incarceration in Idaho. The District Court adopted the PSI. The State concedes, however, that Milligan should have received full credit for his 215-day incarceration before sentencing.

¶33 A defendant's sentence may be credited with the time he or she was incarcerated only if that incarceration was directly related to the offense for which the sentence is imposed. *State v. Erickson*, 2008 MT 50, ¶ 19, 341 Mont. 426, ¶ 19, 177 P.3d 1043, ¶ 19. Milligan's arrest in Idaho is directly related to the offenses his sentence imposed. Milligan is allowed full credit for time served.

¶34 We affirm in part, reverse in part, and remand for entry of an amended sentence consistent herewith.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART