FILED

10/25/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0630

DA 15-0630

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 276N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSHUA JOSEPH JOHNSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2014-197
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad M. Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Jeff Sealey, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  September 28, 2016

Decided:  October 25, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In April 2014, Johnson was charged with felony driving under the influence of alcohol or drugs (DUI). He posted bond and was released three days later subject to certain conditions and restrictions. In July 2014, the First Judicial District Court revoked bond and issued a warrant for Johnson's arrest based upon his failure to comply with the terms of his earlier release. In August 2014, Johnson and his counsel appeared before the court for an omnibus hearing. In October 2014, Johnson changed his plea and entered a guilty plea to felony DUI. Sentencing was set for December 11, 2014. Inexplicably, the arrest warrant issued in July 2014 was not served on Johnson until November 5, 2014. Following service of the warrant, Johnson was incarcerated in the Lewis and Clark County Jail from November 5 through November 14, 2014. A bond hearing was conducted and the court set Johnson's bond at $10,000 but subsequently released Johnson on his own recognizance (OR release).

¶3 On December 3, 2014, Johnson was stopped by the Montana Highway Patrol for speeding. The officer discovered that Johnson was driving without a driver's license and insurance, and possessed alcohol. On December 9, 2014, the State moved to revoke

Johnson's OR release and an arrest warrant was issued. Johnson failed to appear at his December 11, 2014 sentencing hearing. At the time of the hearing, the December 9 warrant for Johnson's arrest had not yet been served.

¶4 On December 30, 2014, the District Court was notified that Johnson was incarcerated in Kent, Washington; consequently, his Montana bond was revoked. In April 2015, the District Court received notice that the Helena Police Department had faxed the December warrant to the applicable county jail in Washington and the county jail had served it on Johnson on or around April 15, 2015. Johnson was jailed in Washington from December 21, 2014, until June 29, 2015, when he returned to Montana and was immediately incarcerated.

¶5 On July 2, 2015, the District Court set Johnson's bond at $100,000. Sentencing was held on August 6, 2015, and Johnson was sentenced to the Department of Corrections for 13 months, followed by a three-year suspended commitment. The District Court granted Johnson 50 days credit for the amount of time he spent in the Lewis and Clark County Jail. Johnson argued at sentencing that under § 46-18-403, MCA (credit for incarceration prior to conviction), he was entitled to credit for 122 days of the 193 days he spent in the Washington jails. He claimed that 71 days were spent serving time for his Washington offenses and 122 days were spent serving time for the Washington offenses while also being held under the Montana warrant. The District Court denied his request for additional credit and Johnson appeals.

¶6 Section 46-18-403(1), MCA, provides:

> A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction . . . .

Additionally, we have interpreted § 46-18-403, MCA, to allow credit for time served "prior to sentencing where the incarceration is *directly related to the offense for which the sentence is imposed*." *State v. Erickson*, 2008 MT 50, ¶ 21, 341 Mont. 426, 177 P.3d 1043 (emphasis in original).

¶7 The record indicates that Johnson was incarcerated in Washington from December 21, 2014, until June 29, 2015. As noted above, the Washington county officers did not serve the Montana warrant on Johnson until April 15, 2015. Therefore, the time spent in the Washington county jails from December 21, 2014, through April 15, 2015, could not have been related to Johnson's Montana warrant and he is not entitled to credit for these days. However, under § 46-18-403, MCA, and as conceded by the State, Johnson is entitled to credit for the 20 days served in the Stevens County Jail in Washington from April 15, 2015, until May 5, 2015. Johnson does not seek credit for time spent in the Stevens County Jail between May 5, 2015, and June 29, 2015, as he acknowledges that this time was served on his Washington offenses exclusively.

¶8 As Johnson was entitled to credit for the 50 days he served in the Lewis and Clark County jail and for 20 days of the time he served in the Stevens County, Washington jail, we affirm the District Court's ruling but remand for an amended judgment to include 20 additional days credit toward Johnson's sentence.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In

4

the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶10     Affirm and remand.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON