Justice Ingrid Gustafson delivered the Opinion of the Court.
*271 ***52 ¶ 1 Slade Allen Clawson (Clawson) appeals from the Judgments entered in the Fourth Judicial District Court, Missoula County, following his guilty pleas to felony driving under the influence of alcohol (DUI) in violation of § 61-8-401(1)(a), MCA, and misdemeanor driving while license suspended or revoked in violation of § 61-5-212(1)(a)(i), MCA, in DC 14-239 and to felony bail jumping in violation of § 45-7-308, MCA, in DC 15-16. We affirm in part, reverse in part, and remand as follows.
¶ 2 We restate the issues on appeal as follows:
1. Whether the District Court violated Clawson's due process rights to have judgment rendered in a reasonable time after entering his guilty pleas by granting Clawson's motions to continue sentencing?
2. Whether the District Court erroneously included a public defender fee in each of its two written Judgments after orally stating it would impose only a single fee?
3. Whether the District Court erroneously imposed an information technology surcharge on a per-count basis in DC 14-239?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 On May 5, 2014, Clawson was charged in DC 14-239 with one felony and three misdemeanor offenses. He pled not guilty on May 15, 2014, and was ultimately released on bond on August 27, 2014. He subsequently failed to report to a court-ordered Sobriety and Accountability Program resulting in revocation of his bond and issuance of a warrant for his arrest. He was re-arrested September 29, 2014. On January 16, 2015, he was charged with felony bail jumping in DC 15-16.
¶ 4 On April 23, 2015, Clawson and the State entered into plea agreements whereby Clawson agreed to plead guilty to Count I, DUI, a felony, and Count II, driving while license is suspended or revoked, a misdemeanor, in DC 14-239, and to bail jumping, a felony, the sole offense in DC 15-16; the State agreed to dismiss Counts III and IV of DC 14-239. The plea agreement provided the parties would recommend ***53 a 13-month Department of Corrections (DOC) commitment with the remainder suspended upon completion of a residential alcohol treatment program, a five-year DOC commitment, all suspended to run consecutive to the initial 13-month commitment, and a $1,000 fine for Count I of DC 14-239, and a six-month commitment to the Missoula County Detention Facility to run consecutively to Count I for Count II of DC 14-239, and for DC 15-16, a five-year DOC commitment, all suspended, to run concurrently with DC 14-239.
¶ 5 At the change-of-plea hearing on April 23, 2015, Clawson pled guilty in accordance with the plea agreement and the State moved to dismiss Counts III and IV of DC 14-239. At the sentencing hearing on July 2, 2015, the author of the presentence investigation report (PSI) disagreed with the sentences recommended in the plea agreement, instead recommending Clawson receive a two-year DOC commitment for the bail jumping charge to run consecutively to DC 14-239. The Judge agreed with the PSI author, expressing he did not believe concurrent sentences were appropriate as he believed Clawson would need to be monitored for some time after completing a residential alcohol treatment program. He gave Clawson the opportunity to withdraw his guilty plea upon learning the District Court was not inclined to follow the plea agreement sentence recommendation. Clawson requested a one-week continuance to July 9, 2015, which was granted.
*272 Clawson then sought and was granted without objection five additional continuances on July 9, July 16, August 6, August 27, and September 3, 2015.
¶ 6 Sentencing was ultimately held October 2, 2015. Upon pronouncing sentence, the court stated, "the treatment component of that at the WATCh program has been expired because of your incarceration for what I see as 488 days ...." The District Court then sentenced Clawson to a five-year DOC commitment, all suspended, for Count I and a consecutive six-month sentence, all suspended, for Count II of DC 14-239, and to a three-year DOC commitment for DC 15-16 to run consecutively with DC 14-239. In making this sentence, the District Court noted the treatment strategy that was available at the time Clawson's sentencing was originally set was no longer available due to the length of Clawson's pre-sentence incarceration because Clawson would likely be paroled prior to being able to complete a residential alcohol treatment program. Clawson did not object to the sentences imposed.
¶ 7 The District Court also imposed financial obligations on Clawson including public defender fees and court technology fees. Clawson appeals the sentences, asserting his due process rights were violated ***54 when the District Court added time to his sentences because it had granted his continuances. He also asserts the District Court improperly: imposed two public defender fees when it orally pronounced it would impose only one; ruled Clawson could perform community service in lieu of paying the public defender fees; and improperly imposed two information technology surcharges (one for each count) in DC 14-239 in violation of § 3-1-317, MCA.
STANDARD OF REVIEW
¶ 8 Criminal sentences involve questions of law and fact and, as such, are reviewed de novo. "Our review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes." State v. Rosling , 2008 MT 62, ¶ 59, 342 Mont. 1, 180 P.3d 1102 (citation omitted). On appeal we will not review a sentence for mere inequity or disparity. State v. Erickson , 2008 MT 50, ¶ 10, 341 Mont. 426, 177 P.3d 1043 (citation omitted).
DISCUSSION
1. Whether the District Court violated Clawson's due process rights to have judgment rendered in a reasonable time after entering his guilty pleas by granting Clawson's motions to continue sentencing?
¶ 9 A court must hold a sentencing hearing and a sentence must be pronounced and a judgment rendered within a reasonable time after a defendant pleads guilty. Sections 46-18-102(3)(a) and 46-18-115, MCA. The Due Process Clause protects a defendant from fundamentally unfair treatment by the government in criminal proceedings. State v. Betterman , 2015 MT 39, ¶ 27, 378 Mont. 182, 342 P.3d 971, --- U.S. ----, 136 S.Ct. 1609, 194 L.Ed.2d 723 (2016) ); Mont. Const. art. II, § 17 ; U.S. Const. amend. XIV. As noted by the State, these statutory provisions together with the due process guarantees of the Montana and U.S. Constitutions, protect defendants from unreasonable delays between conviction and sentencing. Betterman , ¶ 28 ; Mont. Const. art. II, § 17 ; U.S. Const. amend. XIV.
¶ 10 Clawson asserts his due process rights were violated when the State and District Court acquiesced to his repeated requests for continuances-delaying his sentencing date from July 2, 2014 until October 2, 2014-without objecting or warning him that the court would impose an additional year of commitment because the delay ***55 caused him to potentially miss the opportunity to participate in a residential alcohol treatment program. He maintains it is fundamentally unfair and prejudicial to "penalize" him with an additional year of sentencing for continuances to which the State acquiesced and the District Court granted. He further maintains the District Court's concern that the delay in sentencing would preclude his participation in a residential alcohol treatment program is merely speculative. *273 ¶ 11 The State responds that the delay in sentencing was due to Clawson's repeated requests for continuances. The State further asserts Clawson did not object to the sentence when the District Court imposed it and thus argues we should not consider this issue on appeal.
¶ 12 Generally, issues raised for the first time on appeal are not preserved for review. State v. Himes , 2015 MT 91, ¶ 21, 378 Mont. 419, 345 P.3d 297 (citation omitted). This Court may review unpreserved claims for plain error in situations where not doing so may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. Himes , ¶ 20 (citation omitted). The defendant bears the burden of establishing plain error review is appropriate and it is insufficient to merely assert constitutional rights to be implicated. State v. Gunderson , 2010 MT 166, ¶ 100, 357 Mont. 142, 237 P.3d 74 (citations omitted).
¶ 13 At best, it is disingenuous for Clawson to request continuances and then when such are granted without objection, to fault the court and the State for the consequences of the delay. At the July 2, 2015 sentencing hearing, the District Court put Clawson on notice that it was not going to follow the plea agreement and granted his request for a one-week continuance for Clawson to consider whether he wished to withdraw his plea. That week ultimately turned into three months.
¶ 14 While Clawson had no duty to bring himself to sentencing within any specified period of time, he should bear the burden of any prejudice caused by his own delay-including the imposition of additional time in order to allow adequate time for the completion of a residential alcohol treatment program. Clawson is alone responsible for the delay in his sentencing and he has failed to establish plain error review is appropriate. The sentences imposed were legal and designed to accomplish Montana's statutory sentencing policy, including Clawson's rehabilitation. As such, we affirm the District Court's imposition of the consecutive DOC commitments, suspended and unsuspended.
***56 ¶ 15 2. Whether the District Court erroneously included a public defender fee in each of its two written Judgments after orally stating it would impose only a single fee?
¶ 16 At sentencing, Clawson's counsel requested the court waive imposition of public defender fees. The court then engaged in discussion with Clawson about his disabilities and the prospect of doing community service credited at the rate of $10 per hour toward payment of public defender fees. As it appeared the District Court was leaning toward imposing this type of arrangement, Clawson's counsel requested the court to only impose one $800 obligation and "not $800 for each case" if the court was going to impose a community service arrangement. The District Court responded, "I will do that." However, each of the Judgments in DC 14-239 and DC 15-16 include an $800 public defender fee which could potentially be satisfied through performance of community service at the rate of $10 per hour.
¶ 17 The State asserts this issue was not properly preserved for appeal and Clawson waived these arguments for appeal, but then acknowledges the written Judgments do not comport with the oral sentence pronouncements and agrees the matter should be remanded to the District Court to strike one of the $800 public defender fees.
¶ 18 The Judgments in DC 14-239 and DC 15-16 each provide:
The Court has considered the imposition of the Public Defender fee in this case and determines that the fee -X- should ___should not be imposed. If imposed, the Defendant's Probation Officer has the authority to determine if the public defender fees can be paid off through community service at a rate of $10.00 per hour which would be approved and documented by his Probation Officer. Based on Defendant's performance on this judgment, the amount of community service and the quality of volunteer work performed, this Court may re-open the public defender fee issue.
¶ 19 While we understand the desire to provide a means whereby apparently impoverished or financially-challenged offenders *274 can give back to their communities by engaging in community service to satisfy public defender fee obligations, such arrangements do not comport with the provisions of § 46-8-113, MCA, and the Department of Revenue-the entity charged with collecting the fees-has no mechanism to account for the payment of such fees through community service. Imposition of community service as part of a sentence is an option, but community service should not be imposed to satisfy a financial obligation, which may also be an available sentencing option. A court may impose none, one, or both independently, but it may not tie these options together. ***57 ¶ 20 Montana statutes require a sentencing court to inquire into a defendant's ability to pay fees and costs taking "into account the financial resources of the defendant and the nature of the burden that payment of costs will impose" and "may not sentence a defendant to pay the costs for assigned counsel unless the defendant is or will be able to pay the costs imposed." Section 46-8-113(4), MCA.
¶ 21 Clawson clearly requested the District Court waive imposition of the public defender fees and thus preserved this issue for appeal. In light of the discussion with Clawson about his disabilities and from the way in which the District Court fashioned the Judgments to essentially work off the public defender fees by performing community service to be credited at $10 per hour, the District Court implicitly determined Clawson did not have the financial ability to pay costs of assigned counsel. Additionally, in conflict with the oral pronouncement at sentencing, the District Court imposed public defender fees (through community service to be credited at $10 per hour) in both Judgments, rather than in only one of the cases. Given the District Court's implicit finding of Clawson's inability to pay costs of assigned counsel and the inconsistency between the oral pronouncements and written Judgments, we reverse and remand this issue to the District Court to strike the requirement Clawson pay costs of assigned counsel from both Judgments in DC 14-239 and DC 15-16. Alternately, if we misapprehended the District Court's findings with regard to Clawson's inability to pay for assigned counsel, the District Court shall strike the community service credited toward payment of assigned counsel fees, make findings as to Clawson's ability to pay costs of assigned counsel, and impose the fees it determines Clawson has the financial ability to pay, limiting these fees to one cause as pronounced in open court at sentencing.
¶ 22 3. Whether the District Court erroneously imposed an information technology surcharge on a per-count basis in DC 14-239?
¶ 23 Clawson asserts the District Court erred in imposing a court information technology surcharge per count instead of per defendant in DC 14-239. Clawson asserts the fee should be $10, not $20 as provided for in the Judgment. The State agrees the Judgment in DC 14-239 violates § 3-1-317(1)(a), MCA, noting our decision in State v. Pope , 2017 MT 12, ¶¶ 31-32, 386 Mont. 194, 387 P.3d 870. As such, we remand this matter to the District Court to strike the excessive portion of the technology surcharge, limiting it to one $10 fee in DC 14-239.
CONCLUSION
¶ 24 For the foregoing reasons, we conclude the District Court did ***58 not violate Clawson's due process rights by imposing a three-year sentence instead of the two-year sentence recommended by the PSI in DC 15-16. We further conclude the District Court inappropriately ordered Clawson to pay costs of assigned counsel through performance of community service to be credited at $10 per hour in both DC 14-239 and DC 15-16 and inappropriately imposed two court technology surcharges in DC 14-239. As such, the matter is remanded to the District Court for elimination of costs of assigned counsel, or alternately imposition of costs the District Court determines Clawson is financially able to pay, and elimination of the excess technology surcharge.
¶ 25 Affirmed in part, reversed in part, and remanded for further action consistent with this Opinion.
We concur:
MIKE McGRATH, C.J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
JIM RICE, J.