FILED

10/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0273

DA 19-0273

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 275N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RANDY S. LAEDEKE,

Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 17-0437
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Randy S. Laedeke, Self-represented, Billings, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  June 3, 2020

Decided:  October 27, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It is thus not citable and does not serve as precedent. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Randy S. Laedeke appeals *pro se* from the April 5, 2019 judgment of the Montana Thirteenth Judicial District Court, Yellowstone County, revoking his one-year suspended sentence based on violation of a probation condition requiring him to reduce his horse herd to five. We affirm.

¶3 In April 2017, the State charged Laedeke with five offenses regarding his horse herd—three counts of cruelty to animals in violation of § 45-8-211(1), MCA, and two counts of livestock at large in violation of § 81-4-201, MCA.[1] Following multiple trial continuances, Laedeke entered into a plea agreement with the State. On May 25, 2018, he accordingly pled guilty to misdemeanor cruelty to animals in return for dismissal of the other charges. On September 5, 2018, the District Court sentenced him to a one-year term of imprisonment in the Yellowstone County jail, all suspended on the condition that he reduce his herd of "hooved animals" to five by October 5, 2018, subject to inspection and verification by the Yellowstone County Sheriff.

---

[1] In May 2017, the District Court granted the motion of the Office of Public Defender to rescind the court's order directing appointment of a public defender due to Laedeke's failure to complete and return the requisite materials for a qualifying indigence determination.

¶4      In October 2018, after expiration of the deadline, the State petitioned to revoke Laedeke's suspended sentence based on alleged non-compliance with his probation condition. Upon evidentiary hearing on December 3, 2018, the District Court found that he had in fact failed to timely reduce his horse herd as ordered. The court then set the matter for dispositional hearing sixty days out to give him another opportunity to reduce his horse herd to five. In February 2019, the court continued the dispositional hearing on the State's motion to give Laedeke an additional thirty days to comply and prove compliance by producing notarized bills of sale.

¶5      At dispositional hearing on March 11, 2019, the District Court found, based on the observation of an inspecting law enforcement officer, and Laedeke's failure to produce a sufficient number of bills of sale to prove compliance, that he was still or again in violation of the original order requiring him to reduce his horse herd to five. The court then revoked his previously imposed suspended sentence and resentenced him to a one-year term of imprisonment in the Yellowstone County jail, with all but ten days suspended. As a condition of the suspended portion of the sentence, the court further prohibited him from owning, possessing, or having custody of any horses during the term of the sentence. The court accordingly ordered him to immediately remove all horses from his property. Laedeke timely appeals.

¶6      Upon evidentiary hearing and proof by a preponderance of the evidence that a defendant has violated a term or condition of a suspended sentence, the sentencing court may revoke the sentence and resentence him or her "to serve either the sentence [originally]

imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence[.]" Section 46-18-203(6)(a)(i) and (7)(a)(iii), MCA. A single violation of a probation condition is sufficient for revocation of the entire sentence. *State v. Rudolph*, 2005 MT 41, ¶ 13, 326 Mont. 132, 107 P.3d 496, *overruled on other grounds by State v. Tirey*, 2010 MT 283, ¶ 27, 358 Mont. 510, 247 P.3d 701; *State v. Lindeman*, 285 Mont. 292, 306, 948 P.2d 221, 230 (1997).

¶7 We review revocations of suspended sentences for an abuse of discretion. *State v. Graves*, 2015 MT 262, ¶ 12, 381 Mont. 37, 355 P.3d 769. An abuse of discretion occurs if a court exercises granted discretion based on a clearly erroneous finding of fact, an erroneous conclusion or application of law, or otherwise acts arbitrarily, without conscientious judgment, or in excess of the bounds of reason, thus resulting in substantial injustice. *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241; *In re D.E.*, 2018 MT 196, ¶ 21, 392 Mont. 297, 423 P.3d 586; *State v. Derbyshire*, 2009 MT 27, ¶ 19, 349 Mont. 114, 201 P.3d 811. Findings of fact are clearly erroneous only if not supported by substantial evidence, the court misapprehended the effect of the evidence, or we are definitely and firmly convinced upon our review of the record that the court was otherwise mistaken. *State v. Weaver*, 2008 MT 86, ¶ 9, 342 Mont. 196, 179 P.3d 534. We review conclusions and applications of law de novo for correctness. *State v. Milligan*, 2008 MT 375, ¶ 16, 346 Mont. 491, 197 P.3d 956. We review the legality of a sentence for whether the court sentenced the defendant within statutory parameters. *State v. Tracy*, 2005 MT

4

128, ¶ 12, 327 Mont. 220, 113 P.3d 297 *superseded by* § 46-18-203(9), MCA (2003); *Graves*, ¶ 29.

¶8 Within the framework of the applicable standards of review, Laedeke essentially asserts that the District Court erroneously revoked his suspended sentence based on the clearly erroneous finding of fact that he failed to timely reduce his horse herd to five as previously ordered. He asserts that the court erroneously disregarded his assertion that, regardless of his failure to produce corresponding bills of sale, he timely transferred ownership of the requisite number of horses to reduce his herd to five, and that he thus did not own the excess number of horses subsequently observed on his property. However, regardless of any conflicting evidence, Laedeke has not demonstrated that the District Court's initial finding of non-compliance on the December 2018 evidentiary hearing record was clearly erroneous. Our review of the record indicates that it was not. Thus, the court's December 2018 finding was a sufficient basis alone upon which to revoke his suspended sentence, regardless of what did or did not happen thereafter.

¶9 Moreover, even after adjudicating the alleged probation violation, the District Court still afforded Laedeke two additional opportunities to comply. Within the procedural framework of § 46-18-203(6)(a) and (7)(a), MCA, the court did so not to provide him an opportunity to rebut the prior non-compliance finding, but rather as a mitigating consideration in advance of the upcoming dispositional hearing when the court would determine which discretionary action to take under § 46-18-203(7), MCA, on the previously adjudicated violation. In that vein, the dispositional hearing record manifests

5

that the court's March 2019 finding (*i.e.*, that Laedeke was still or again in non-compliance with his probation condition) was not clearly erroneous, regardless of any conflicting evidence or whether Montana law does or does not require a notarized bill of sale for transfer of horse ownership. A district court functioning as the finder of fact has broad discretion to determine the relative veracity, credibility, and weight of conflicting evidence. Our review of the record indicates that the District Court's finding that Laedeke did not timely reduce his horse herd as ordered was not clearly erroneous.

¶10 Laedeke further asserts that the District Court in any event imposed an unlawful sentence on revocation by more harshly prohibiting him from owning any horses, rather than again just limiting his horse ownership to five as in his original sentence. However, while it bars a court from imposing a harsher sentence on revocation than originally imposed, § 46-18-203(7)(a)(iii), MCA, expressly applies only to "a longer imprisonment or commitment term"—not to imposition of new or different conditions of suspension (*i.e.*, probation conditions) on resentencing. *See* § 46-18-203(7)(a)(iii), MCA. *Compare* § 46-18-201(4), MCA (imposition of conditions of suspended sentence). Here, the sentence on revocation differed from the original sentence only as to the amount of the base sentence suspended and a condition of suspension. Moreover, the new or different condition did not effectively increase the base term of imprisonment or commitment beyond that originally imposed and was not punitive in nature. *See Tirey*, ¶¶ 27-29 (court may not effectively increase the term of commitment or punitive effect of the original sentence by operation of additional probation conditions on revocation). In light of

6

Laedeke's demonstrated inability or unwillingness to comply with his original condition of probation, the manifest purpose and effect of the new or different condition on revocation was to further limit his ability to engage in similar criminal conduct while on probation. The District Court did not erroneously impose a sentence on revocation that was harsher than Laedeke's original sentence.

¶11 We have determined to decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. This appeal presents no constitutional issues, no issues of first impression, and establishes no new precedent or modification of existing precedent. We affirm.

/S/ DIRK M. SANDEFUR

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER