FILED

12/08/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0273

_____

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RANDY S. LAEDEKE,

Defendant and Appellant.

_____

FILED

DEC 08 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Appellant Randy S. Laedeke has filed a Petition for Rehearing, citing to M. R. App. P. 20(1)(a)(i)-(iii). The State of Montana has filed a response in opposition.

This Court will consider petitions for rehearing upon demonstration of at least one of the following criteria: "[t]hat it overlooked some fact material to the decision;" "[t]hat it overlooked some question presented by counsel that would have proven decisive to the case;" or "[t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i)-(iii).

Laedeke asserts that this Court made mistakes of law and fact when rendering the decision in his appeal. He maintains that this Court did not address the key issue about the bills of sale and how the District Court abused its discretion because the court did not consider them valid for transferring ownership of five head of horses to Laedeke's brother.

The State responds that Laedeke is requesting that this Court reconsider the same argument—the bills of sale he submitted to the District Court during the revocation process—that he presented on appeal. The State maintains that the bills of sale was not the key issue, and it is not material to this Court's decision because sufficient independent grounds existed for revocation of Laedeke's sentence. The State concludes that Laedeke cannot meet any of the threshold requirements in M. R. App. P. 20(1).

We agree with the State. This Court has not overlooked some fact material to the decision or overlooked a decisive question presented by Laedeke. We addressed his arguments, pointing out that Laedeke failed to comply with the District Court's Orders even after the court gave him more time to comply. We stated: "In February 2019, the court continued the dispositional hearing on the State's motion to give Laedeke an additional thirty days to comply and prove compliance by producing notarized bills of sale." *State v. Laedeke*, No. DA 19-0273, 2020 MT 275N, ¶ 4, 2020 Mont. LEXIS 2467 (Oct. 27, 2020). This Court was clear:

> However, regardless of any conflicting evidence, Laedeke has not demonstrated that the District Court's initial finding of non-compliance on the December 2018 evidentiary hearing record was clearly erroneous. Our review of the record indicates that it was not. Thus, the court's December 2018 finding was a sufficient basis alone upon which to revoke his suspended sentence, regardless of what did or did not happen thereafter.

*Laedeke*, ¶ 8. Upon review, Laedeke has not demonstrated any of the criteria to warrant rehearing. M. R. App. P. 20(1)(a). Accordingly,

IT IS ORDERED that Laedeke's Petition for Rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Randy S. Laedeke personally.

DATED this _____ day of December, 2020.

_____

_____

_____

_____
Justices

2