No. 81-247

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

LARRY STEFFANS,

Defendant and Appellant.

---

Appeal from: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell
Honorable ~~Nat Allen~~, Judge presiding.
_LeRoy McKinnon_

Counsel of Record:

For Appellant:

Kathryn R. Baylis, Roundup, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John Pratt, County Attorney, Roundup, Montana

---

Submitted on briefs: September 17, 1981

Decided: **NOV 2 4 1981**

Filed: **NOV 2 4 1981**

_Thomas J. Kearney_
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals from a judgment revoking his probation and deferral of sentence and sentencing him to two years in the State Prison for his original crime.

On June 13, 1979, defendant Larry Steffans pled guilty to the crime of forgery. On the same day an order was entered deferring imposition of sentence and placing defendant on probation under the supervision of the State Board of Parole and Pardons. On November 13, 1979, his probation and parole officer filed a report of violation with the sentencing court which stated that defendant had violated the terms of his probation and state and federal statutes by having in his possession several rifles after having been convicted of a felony.

On January 10, 1980, a written enumeration of the conditions of probation and parole were furnished defendant who signed a written acknowledgement of receipt. Among other things, the conditions of probation and parole provided that he was not to drink any intoxicants nor to frequent any place where intoxicants are the chief item of sale; that he would comply with all state and federal laws and conduct himself as a good citizen; and that he would attend family and marriage counseling at the mental health center in Roundup, Montana.

Following an alleged attempt by the defendant to burn up his mother-in-law's automobile and an alleged assault upon her, the county attorney of Musselshell County filed an affidavit and petition with the District Court (1) specifying the particulars of defendant's conduct in regard to the assault and attempted burning of the automobile, (2) reciting that this was a violation of defendant's conditions of probation, and (3) requesting a hearing to show cause why defendant's probation should not be revoked and defendant be sentenced to a term in the State Prison. On the same date the District Court issued an order to show cause

and directed that a copy of its order and the county attorney's affidavit be served on defendant. The following day a court appointed attorney was named for defendant.

On January 19, 1981, defendant's probation officer filed a violation report with the court and furnished two copies to the county attorney. Neither defendant nor his counsel was served with a copy of this report. This report covered the alleged attempt to burn his mother-in-law's automobile, defendant's alleged assault on his mother-in-law, and defendant's failure to keep most of his appointments for family and marriage counseling at the Mental Health Centers in Roundup and Billings. The report contained a summary of probation adjustment, stating: "It would appear that the Subject does not intend to obey the Court Order or Rules of Probation." A recommendation was included that defendant be returned to the sentencing court for revocation of the deferred imposition of sentence.

On February 3, 1981, a revocation hearing was held before the District Court of Musselshell County sitting without a jury. The court thereafter entered findings of fact and conclusions of law that defendant violated the conditions of his probation by assaulting his mother-in-law and by frequenting certain bars in Billings, Montana, where intoxicants are the chief item of sale. Thereafter defendant's deferred imposition of sentence on the forgery conviction was revoked, defendant was sentenced to two years imprisonment in the State Prison with credit for time served in jail prior to sentencing, and he was designated a non-dangerous offender.

Defendant appeals contending the District Court committed reversible error by admitting evidence of alleged probation violations of which defense counsel was not notified prior to the revocation hearing. Defendant argues that failure to notify defendant or his counsel of alleged probation violations contained in the violation report of the probation officer which were not

contained in the county attorney's affidavit and petition, viz. the possession of firearms, the failure to keep family and marriage counseling appointments and the frequenting of bars, deprived defendant of the right to the informed assistance of counsel.

We hold that the admission in evidence of probation violations not contained in the county attorney's affidavit and petition to revoke probation was error, but that such error did not affect his substantial rights and must be disregarded under the circumstances of this case.

Defendant was entitled to prior notice of the alleged violations which formed the basis of the State's petition to revoke his probation and deferred imposition of sentence. Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. The State concedes this error.

However, the notice defect concerning the possession of firearms, the failure to keep family and marriage counseling appointments, and the frequenting of bars does not constitute grounds for reversal in this case. Section 46-20-702, MCA, provides in pertinent part:

> "Types of errors noticed on appeal. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded . . ."

Here the court made no findings on defendant's alleged possession of firearms or his alleged failure to keep family or marriage counseling appointments. Nor did the court base the revocation of defendant's deferred sentence on either.

The court did, however, find that defendant violated the rules of probation by frequenting bars where intoxicants were the chief item of sale. The court based the revocation in part on this item. The State introduced no evidence on this alleged violation. The entire evidence on this matter came from the defendant and his own witnesses. Defendant introduced this evidence to prove an alibi, viz. that he could not have assaulted

- 4 -

his mother-in-law because at the time of the alleged assault in Roundup he was present at the Seventeen Bar, the Broken Drum Bar, the Tumbleweed Bar, and the Silver Dollar Bar, none of which are located in Roundup. Defendant cannot predicate reversible error on testimony that he himself introduced.

Defendant argues that evidence of other violations of probation had a detrimental impact on his credibility. Prejudice cannot be presumed but must appear from the denial of a substantial right from which the law implies prejudice. State v. Bradford (1978), 175 Mont. 545, 575 P.2d 83. Defendant's assertion that the admission of evidence of other probation violations had a detrimental impact on his credibility is pure fantasy. The record discloses that if anything affected his credibility it was his own testimony and that of his alibi witnesses that he was not present at the time and place of the alleged assault on his mother-in-law in the face of positive identification by her that it was he who assaulted her. The district judge is presumed to be able to properly evaluate evidence and determine the credibility of witnesses without regard to incompetent evidence. State v. Palen (1947), 119 Mont. 600, 178 P.2d 862. Here the district judge demonstrated this ability in eliminating from consideration all alleged violations not charged by the county attorney in his affidavit and petition except the frequenting of bars which defendant himself introduced. The record discloses nothing to the contrary. Accordingly, defendant has failed to show any prejudice affecting any substantial right of his.

Affirmed.

_____
Chief Justice

We concur:

_____

John Conway Harrison

John C. Sheehy

Justices