No. 86-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

THE STATE OF MONTANA,

  Plaintiff and Respondent,

-vs-

FRED ANDREW NELSON,

  Defendant and Appellant.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark P. Yeshe, Helena, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Patricia J. Schaeffer, Asst. Atty. General, Helena
Mike McGrath, County Attorney, Helena, Montana

---

Submitted on Briefs: Nov. 20, 1986

Decided: January 29, 1987

Filed: JAN 29 1987

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant, Fred Andrew Nelson, appeals the order of the First Judicial District Court, County of Lewis and Clark, revoking a four-year suspended sentence. We affirm the revocation.

Defendant has been involved in illegal activities since his youth. On February 5, 1981, defendant pled guilty to one count of burglary and one count of theft. Sentencing was deferred for three months. On June 1, 1981, the trial judge, upon motion of the Lewis and Clark County Attorney, revoked defendant's deferred sentence and sentenced defendant to ten years imprisonment on each count, to be served concurrently. The last four years of each term were suspended.

On July 20, 1983 (following his release from prison), defendant was again charged with felony theft. Thereafter, the County Attorney filed a petition to revoke defendant's four-year suspended sentence. A hearing on the petition was set, but defendant failed to appear. Upon his eventual arrest, defendant was returned in January of 1985 to Montana State Prison as a parole violator. The petition to revoke the four-year suspended sentence was dropped. Defendant was next discharged from the Montana State Prison in December 1985.

On March 13, 1986, defendant was arrested with two other individuals and charged with the burglary of The Pop Shoppe convenience store in Helena, Montana. A petition to revoke the four-year suspended sentence was once again filed on April 24, 1986. Hearings were held on the petition May 19, May 27 and June 2, 1986.

Defendant is unable to recall the events preceding his arrest. However, at the May 27, 1986, hearing, defendant

2

conceded that the State had sufficient, uncontrovertable evidence to show that defendant had not been a law-abiding citizen. Specifically, a witness identified defendant as one of the participants and an accomplice implicated defendant in the burglary. The trial judge accepted defendant's concession.

The State then asked the trial judge to revoke defendant's suspended sentence and send defendant back to Montana State Prison. The State presented no witnesses, but asserted that defendant's record mandated such a disposition. Defendant presented several witnesses, including defendant's former probation officer, a chemical dependency counselor at Sunrise Ranch Alcohol Treatment Center and the administrator of that facility. Defendant had previously completed Sunrise Ranch's chemical dependency treatment program. These individuals all testified that defendant's problems with the law stem directly from chronic chemical dependency. None of the individuals believed defendant's best interests would be served by a return to Montana State Prison. Each testified that defendant would most benefit from long-term placement with the Lighthouse Chemical Dependency Program at Galen State Hospital. However, Lighthouse no longer provides long-term treatment. Concern was also voiced that defendant would "run", as the facility is an open one. The matter was continued.

At the June 2, 1986, hearing, defendant's present probation officer testified at the judge's request. He also concluded that although there was a probability defendant would run, placement at Lighthouse would be the most suitable disposition.

The trial judge accepted these recommendations and rendered his decision from the bench, stating:

3

> . . . I am confident that if I put you in the penitentiary for the last four years that isn't going to do any good either. You are going to be just as bad when you get out as you are now, if not worse. So that isn't going to help. So we have this one last shot, the Lighthouse Program. . .
>
> . . .
>
> . . . You are a relatively young man and it seems to me that your difficulty is almost entirely derived from your dependency on chemicals, either alcohol or drugs, one or the other. If we could get you away from that, I think we would have a chance to save you. . . What I am trying to do is see if I can save a 24 year old man with one last shot of a 90 day program at Lighthouse.

Tr. p. 99, ln. 18-23; p. 100, ln. 8-13, 20-21.

An order was issued June 4, 1986, continuing the proceeding until defendant could enroll in, attend and complete the Lighthouse program. Upon completion of the program, defendant was to be returned to court for further disposition. Defendant was to remain in the Lewis and Clark County jail until June 10, 1986, when he would be transferred to the Lighthouse program.

Defendant became involved in an altercation with a jailer at lunch on June 4, 1986. The incident resulted in defendant being charged with a misdemeanor, obstructing a police officer in the performance of his duties.

The County Attorney filed a petition June 9, 1986, again seeking to revoke defendant's suspended sentence. A hearing was held on the petition June 16, 1986. At the start of that hearing, the State moved to amend the June 9, 1986, petition to incorporate the grounds for revocation set forth in the April 24, 1986, petition. The defendant did not object and the motion was granted. Tr. p. 114, ln. 1-9.

4

At the hearing, the State presented evidence of other disciplinary actions taken against defendant while he was in jail, in addition to various accounts of the June 4 incident. The trial judge ultimately determined "that Defendant was difficult to handle on that day, that he profanely insulted the jailer, that force was required to control him, but that one of the jailers may have used excessive force." Order dated June 18, 1986, p. 3. The trial judge then revoked defendant's suspended sentence and had him returned to Montana State Prison.

On appeal, defendant raises two issues:

1. Did the District Court err in admitting certain matters into evidence and in considering those matters in its decision to revoke?

2. Did the District Court err in revoking defendant's suspended sentence and sending defendant to the Montana State Prison rather than continuing suspension of sentence and sending defendant to the Lighthouse Chemical Dependency Center?

Defendant objects to the use of the reports of previous disciplinary action taken against him for two reasons: 1) they violate the hearsay rule; and 2) he was not given notice of the State's intent to admit the reports. The rules of evidence do not apply to probation revocation hearings. Rule 101(c)(3), Mont. R. Evid. Courts in general allow the admission of hearsay evidence at sentence revocation hearings. "Admissibility of Hearsay Evidence in Probation Revocation Hearings", 11 ALR 4th 999 (1982).

The minimum requirements of due process are extended to sentence revocation hearings. Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. Thus, defendant was entitled to notice of all alleged violations leading to the petition to revoke. State v. Steffan (1981), 195 Mont.

5

395, 398, 636 P.2d 836, 838. Since defendant was not notified of the State's intent to use these disciplinary reports against him, the trial judge erred in admitting them into evidence. However, in his order revoking defendant's suspended sentence, the trial judge gave only passing mention to those reports. The primary reason for the judge's decision was the altercation which occured June 4, 1986.

> When the Court addressed Nelson in open court at the time he was going to be allowed to go to Lighthouse, the Court advised Nelson that this was his last chance. This impressed him not at all as was shown by his difficulty in the Lewis and Clark County Jail almost directly thereafter. The Court had hoped Nelson would take his one last chance. It is now clear he is a hopeless case.

Order of June 18, 1986, p. 4. Defendant is entitled to prior notice of the reasons relied on by the trial judge when revoking the suspended sentence. Defendant had such notice. Therefore, any error is harmless. State v. Steffans, supra.

Defendant also asserts that the trial judge erred in revoking his suspended sentence because the revocation was not premised upon the violation of any condition of his suspended sentence. Defendant has overlooked the order amending the June 9, 1986, petition to revoke to include the grounds for revocation set forth in the April 24, 1986, petition. Defendant's suspended sentence was revoked because defendant conceded, on the basis of his participation in the The Pop Shoppe convenience store burglary, that the State could prove he had not been a "law-abiding citizen." Thus, an implied condition of suspension was violated. The Court's most recent order merely changes the disposition imposed after revocation of the suspended sentence. It is supported by substantial evidence.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7