DA 06-0196

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 383

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

SAMUEL AARON BELANGER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC-2003-011
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Sheri Sprigg, Assistant
Attorney General, Helena, Montana

          Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs:  July 3, 2007

Decided:  November 18, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Samuel A. Belanger appeals the revocation of his deferred sentence by the Twentieth Judicial District Court, Sanders County.  We affirm in part, reverse in part, and remand with instructions.

## BACKGROUND

¶2    The State filed an information in March 2003 charging Belanger with one count of sexual assault, a felony, and one count of sexual intercourse without consent, also a felony.  These offenses allegedly occurred in January 2003.  The parties ultimately entered into a plea agreement under § 46-12-211(1)(b), MCA.  Pursuant to the agreement, the State filed an amended information charging Belanger with one count of criminal endangerment, a felony, in violation of § 45-5-207, MCA, and Belanger pleaded guilty to this offense on January 13, 2004.  The District Court accepted the plea and the plea agreement.  Thereafter, on April 13, 2004, the court sentenced Belanger in accordance with the plea agreement.  Specifically, the court deferred imposition of sentence for three years and placed Belanger on formal probation for the term of the deferment.

¶3    Belanger's probation was subject to a number of conditions.  Of relevance here are Conditions 10, 16, 18, and 21, which stated as follows:

> 10. The Defendant shall comply with all city, county, state, and federal laws, and ordinances, and conduct himself/herself as a good citizen. The Defendant shall report any arrests or contacts with law enforcement to the Probation/Parole Officer within 72 hours. The Defendant shall at all times be cooperative and truthful in all communications and dealings with the Probation/Parole Officer.

.   .   .

2

16. The Defendant shall register as a Violent Offender pursuant to §46-23-501 et seq.

. . .

18. The Defendant, under the supervision and direction of the Probation/Parole Officer, shall enroll under, actively participate in and successfully complete all phases of a treatment program for sexual offenders offered by any competent treatment center or counselor determined by the Probation/Parole Officer to be appropriate under the circumstances. The Defendant shall follow any treatment plans recommended by the counselors or psychologists. The Defendant shall continue treatment for as long as the Probation/Parole Officer deems necessary.

. . .

21. The Defendant shall not use or possess a personal computer to view, possess or use pornography. Defendant shall not use, view or possess erotica, X-rated videos, adult books or magazines such as Play-Boy or Penthouse, frequent adult book stores, topless bars, massage parlors, or use the service of prostitutes.

¶4    On September 29, 2004, the State filed a petition to revoke Belanger's deferred sentence. According to the probation/parole officer's Report of Violation, Belanger allegedly violated Conditions 10, 18, and 21 as follows:

Condition 10:    "Two minor males have come forward and reported to the Sanders County Sheriffs office and this writer that the Defendant has made repeated requests to trade sex for money."

Condition 18:    "The Defendant was ordered by the Court to enter Sex Offender Treatment on 4/13/04 and he signed the rules of Probation also stating he was to enter into treatment. The Defendant was given a chance to enter into an interstate transfer prior to entering treatment, when the transfer was denied the Defendant was again ordered to start treatment. The Defendant did not enter treatment."

Condition 21:    "The Defendants [sic] landlord/employer brought to this officer a Missoula Library book about homosexual teenagers and an adult

3

sex magazine they found in the Defendants [sic] room which they searched after hearing of the two minors [sic] report. The landlord was not acting as an agent of this office or the police at the time of the search."

¶5 Belanger denied all of the allegations, and the matter proceeded to revocation hearing on January 25, 2005. The State called three witnesses, and Belanger testified in his own defense. During the course of the hearing, Belanger objected to evidence related to the incident underlying the alleged violation of Condition 10 on the ground that he had been charged in a separate action with an offense arising out of that incident. The District Court sustained the objection.

¶6 The District Court ultimately found that the State had met its burden of proof, and the court accordingly revoked Belanger's deferred sentence. Thereafter, the court sentenced him to the Department of Corrections for a period of ten years, with five years suspended. The court imposed on Belanger's suspended sentence the same terms and conditions set forth in the court's original April 2004 judgment. Belanger now appeals.

**ISSUES**

¶7 Belanger raises two issues on appeal, which we restate as follows:

1. Was the District Court's decision to revoke Belanger's deferred sentence supported by a preponderance of the evidence in favor of the State?

2. Is Condition 16, requiring Belanger to register as a violent offender, illegal?

¶8 The State concedes Issue 2. The State observes that criminal endangerment is not one of the crimes for which registration as a violent offender is required under §§ 46-23-502(9) and -504(1), MCA, and that registration as a violent offender was not

4

part of the parties' plea agreement as permitted under § 46-23-512, MCA. Accordingly, we only address Issue 1 in this Opinion. Moreover, we order that Condition 16 of the District Court's April 19, 2004 Judgment be stricken.

## STANDARDS OF REVIEW

¶9 The standard for revocation of a suspended or deferred sentence is whether the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty. *State v. Averill*, 2001 MT 161, ¶ 22, 306 Mont. 106, ¶ 22, 30 P.3d 1059, ¶ 22. We review a district court's decision to revoke a deferred or suspended sentence to determine whether the court's decision was supported by a preponderance of the evidence in favor of the State and, if so, whether the court abused its discretion. Section 46-18-203(6), (7), MCA; *State v. Price*, 2008 MT 319, ¶ 13, 346 Mont. 106, ¶ 13, 193 P.3d 921, ¶ 13; *State v. Muhammad*, 2002 MT 47, ¶ 17, 309 Mont. 1, ¶ 17, 43 P.3d 318, ¶ 17. A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Price*, ¶ 13.

## DISCUSSION

¶10 ***Was the District Court's decision to revoke Belanger's deferred sentence supported by a preponderance of the evidence in favor of the State?***

¶11 Given that the District Court did not permit evidence relating to the alleged violation of Condition 10, the only conditions at issue here are Condition 18 (enroll in a treatment program for sexual offenders) and Condition 21 (do not use, view, or possess adult books or magazines, etc.). Belanger contends that the State did not prove by a

5

preponderance of the evidence that Belanger violated either or both of these conditions. We conclude that the evidence related to Condition 21 is sufficient to resolve this issue. *See State v. Gillingham*, 2008 MT 38, ¶ 28, 341 Mont. 325, ¶ 28, 176 P.3d 1075, ¶ 28 ("A single violation of the conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence."); *State v. Baird*, 2006 MT 266, ¶ 17, 334 Mont. 185, ¶ 17, 145 P.3d 995, ¶ 17 ("There are no minor violations of probationary agreements and even one violation may be sufficient for revocation [of a deferred sentence].").

¶12     Again, Condition 21 states, in pertinent part, as follows:  "Defendant shall not use, view or possess erotica, X-rated videos, adult books or magazines such as Play-Boy or Penthouse, frequent adult book stores, topless bars, massage parlors, or use the service of prostitutes."  The State clarifies in its appellate brief that it "did not contend below, nor does it now, that possession of the library book was a probation violation."  Accordingly, we focus exclusively on the magazine as the basis for revoking Belanger's probation. The testimony at the revocation hearing reflects that Belanger's landlord found a magazine under Belanger's bed.  Although Belanger denied that the magazine was his, the District Court evidently did not find his testimony in this regard to be credible. Belanger acknowledges on appeal that the District Court's implicit finding that he used, viewed, or possessed the magazine "was within [the court's] discretion."

¶13     Thus, the crux of the issue is whether the magazine comes within the meaning of "adult books or magazines such as Play-Boy or Penthouse."  The evidence reflects that it does.  Sandy Van Skyock, Belanger's probation/parole officer, testified that the magazine contained photographs of "[m]ales and females engaging in sexual acts without clothing."

6

Van Skyock testified that, in her opinion, it was "an adult book or magazine." Belanger did not challenge that opinion. To the contrary, defense counsel referred to the magazine on one occasion during the hearing as "that x-rated magazine" and on another as "a 2002 pornographic magazine."

¶14 Belanger contends that the District Court could not have determined whether the magazine qualified as "pornography" or "erotica" without actually seeing the magazine, which was not introduced by the State into evidence. We express no view on that contention for the simple reason that it is irrelevant. Condition 21 prohibited "adult books or magazines such as Play-Boy or Penthouse." The District Court determined that the magazine found under Belanger's bed qualified as an "adult" magazine "such as Play-Boy or Penthouse." We hold that the evidence was sufficient to support the District Court's determination.

## CONCLUSION

¶15 Belanger has not argued any other basis for concluding that the District Court abused its discretion in revoking his probation. Accordingly, we affirm the District Court's judgment with one exception: We order that Condition 16 (requiring Belanger to register as a violent offender) be stricken.

¶16 Affirmed in part, reversed in part, and remanded with instructions.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART