
DA 10-0082

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 6

STATE OF MONTANA,

Plaintiff and Appellee,

v.

PRESTON GOFF,

Defendant and Appellant

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC 87-093(A) and
DC-08-430(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joslyn Hunt, Chief Appellate Defender, Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Steve Bullock, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

Ed Corrigan, Flathead County Attorney, Thomas J. Esch, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  November 4, 2010

Decided:  January 25, 2011

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Preston Goff appeals an order of the District Court for the Eleventh Judicial District, Flathead County, revoking his suspended sentence. We affirm, but remand for further proceedings consistent with this Opinion.

¶2 Goff raises two issues on appeal which we have restated as follows:

¶3 1. Did the District Court abuse its discretion in revoking Goff's suspended sentence?

¶4 2. Did the District Court abuse its discretion in setting new terms and conditions on Goff's sentence?

### Factual and Procedural Background

¶5 In 1987, Goff pled guilty to felony robbery for purposely and knowingly putting two hotel clerks in fear of bodily injury during the course of committing a theft at the Ramada Inn in Somers, Montana. The District Court sentenced Goff to 40 years at Montana State Prison (MSP) with 20 years suspended for the robbery, and an additional 10 years at MSP for the use of a weapon during the robbery. The latter sentence was to run consecutively to the first sentence. The court also designated Goff a dangerous offender for purposes of parole eligibility.

¶6 At the time of sentencing, the District Court did not impose any conditions of probation upon Goff with respect to his suspended sentence. In the same way, the Pre-Sentence Investigation (PSI) did not recommend any conditions of probation. The PSI did recommend a "lengthy term of incarceration in Montana State Prison" due to the seriousness of the offense and Goff's extensive criminal history.

2

¶7     In 2001, Goff filed a petition in the District Court to "vacate, set aside, or correct sentence," challenging his 10-year sentence for the use of a weapon and his designation as a dangerous offender. The District Court denied his petition. Goff appealed to this Court, but he subsequently moved for dismissal of his appeal.

¶8     Goff was released from prison in November 2007 to serve the suspended portion of his sentence. Upon his release, Goff signed the standard Conditions of Probation and Parole as required by the Department of Corrections (DOC). However, no steps were taken by the State or the District Court to modify the original judgment to include and require any probation conditions. Goff also registered as a violent offender.

¶9     Goff got a job with a carnival and left Montana without advising his probation officer. Consequently, in December 2007, Goff's probation officer filed a report contending that Goff had violated his probation, and, in January 2008, the State filed a petition for revocation of Goff's suspended sentence. Additional probation violations relating to charges of issuing bad checks and writing threatening letters were added to the report in July 2008.

¶10    Goff was arrested in Virginia and returned to Montana. He filed a motion to dismiss the petition for revocation in July 2008 arguing that no conditions of probation were set by the sentencing court in 1987, thus he could not violate conditions that "did not, and do not, exist." About a week after filing this motion, Goff failed to appear at a hearing and a bench warrant was issued for his arrest. Goff's counsel subsequently withdrew the motion when Goff jumped bail. Goff was eventually apprehended and arraigned on charges of felony bail jumping. The State filed an updated affidavit in

3

support of the petition for revocation of Goff's suspended sentence wherein the State cited the bail jumping charge as the reason for revocation.

¶11    On June 4, 2009, Goff pled guilty to felony bail jumping. He also admitted that he knew it was against the law to jump bail and to leave the state and that pleading guilty to bail jumping would result in a violation of the Conditions for Probation and Parole that he signed upon his release from prison. Based on Goff's guilty plea and admissions, the District Court determined that Goff violated the terms of his suspended sentence and sentenced him to 20 years at MSP without any suspension of sentence. The court also sentenced Goff to five years for the bail jumping offense to run consecutively to the other sentence, and suspended all five years.

¶12    The District Court entered its Order of Revocation, Judgment and Sentence on November 16, 2009. The court later amended its order on the State's motion to suspend any financial obligations relative to the sentence for bail jumping, as determined at the sentencing hearing. Goff now appeals the District Court's Amended Order of Revocation, Judgment and Sentence.

**Standard of Review**

¶13    The standard for revocation of a suspended or deferred sentence is whether the trial judge is reasonably satisfied that the conduct of the probationer has not been what the probationer agreed it would be if the probationer were given liberty. *State v. Belanger*, 2008 MT 383, ¶ 9, 347 Mont. 61, 196 P.3d 1248 (citing *State v. Averill*, 2001 MT 161, ¶ 22, 306 Mont. 106, 30 P.3d 1059). We review a district court's decision to revoke a deferred or suspended sentence to determine whether the court's decision was

4

supported by a preponderance of the evidence in favor of the State and, if it was, whether the court abused its discretion. *Belanger*, ¶ 9 (citing § 46-18-203(6), (7), MCA; *State v. Price*, 2008 MT 319, ¶ 13, 346 Mont. 106, 193 P.3d 921; *State v. Muhammad*, 2002 MT 47, ¶ 17, 309 Mont. 1, 43 P.3d 318).

**Issue 1.**

¶14 *Did the District Court abuse its discretion in revoking Goff's suspended sentence?*

¶15 The State argues that Goff raises, for the first time on appeal, the argument that the District Court was powerless to revoke his suspended sentence based on the bail jumping violation because there were no conditions of probation set in his 1987 judgment. The State notes that although Goff did raise that argument as to two earlier reports of violation in a motion to dismiss the revocation petition, he withdrew that motion after the bail jumping incident and never raised the argument again in the District Court.

¶16 As a general rule, a party may raise on direct appeal only those issues and claims that were properly preserved by timely objection in the trial court. *State v. West*, 2008 MT 338, ¶ 16, 346 Mont. 244, 194 P.3d 683 (citing § 46-20-104(2), MCA). However, we have also held that we will accept jurisdiction of a timely filed appeal which alleges that a sentence is illegal or exceeds statutory authority even when a criminal defendant fails to contemporaneously object at sentencing. *State v. Kroll*, 2004 MT 203, ¶ 19, 322 Mont. 294, 95 P.3d 717 (citing *State v. Brister*, 2002 MT 13, ¶ 16, 308 Mont. 154, 41 P.3d 314, *overruled on other grounds by State v. Tirey*, 2010 MT 283, 358 Mont. 510, ___ P.3d ___; *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979)).

¶17 Goff argues on appeal that the 2003 version of the revocation statute (§ 46-18-203, MCA) applies in this case because the 2003 Legislature specifically inserted a subsection in that statute which provides:

> The provisions of this section apply to any offender whose suspended or deferred sentence is subject to revocation regardless of the date of the offender's conviction and regardless of the terms and conditions of the offender's original sentence.

Section 46-18-203(9), MCA (2003). Goff further argues that under the 2003 version of § 46-18-203, MCA, a judge may issue an order for a hearing on revocation, *only if the offender has violated a condition of a sentence*, and since there were no conditions in his sentence to violate, his suspended sentence could not be revoked. The State argues on the other hand that the revocation statute in effect at the time Goff committed the violation requiring revocation (the 2007 version) would apply. Neither Goff nor the State is correct in this case.

¶18 The law in effect at the time an offense is committed controls as to the possible sentence for the offense, as well as the revocation of that sentence. *Tirey*, ¶ 26 (citing *State v. Tracy*, 2005 MT 128, ¶ 16, 327 Mont. 220, 113 P.3d 297). We held in *Tracy*, that imposition of a sentence under statutes not in effect at the time an offense was committed is an *ex post facto* application of the law and therefore unconstitutional. *Tracy*, ¶ 16. "It is a violation of Article I, Section 10, of the United States Constitution and Article II, Section 31, of the Montana Constitution, to apply a statute enacted subsequent to the time a defendant commits an offense, which increases a defendant's punishment." *Tracy*, ¶ 16 (citing *State v. Suiste*, 261 Mont. 251, 253, 862 P.2d 399, 400

6

(1993)). Therefore, we look to the statute in effect at the time Goff committed his crime to determine whether the court had authority to revoke his suspended sentence.

¶19 Because Goff committed his crime in May 1987, we apply the 1985 revocation statute which provides:

> A judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 or his successor *is authorized in his discretion to revoke the suspension or impose sentence and order the person committed.* He may also, in his discretion, order the prisoner placed under the jurisdiction of the department of institutions as provided by law or retain such jurisdiction with his court.

Section 46-18-203(1), MCA (1985) (emphasis added).

¶20 Contrary to Goff's arguments on appeal, the District Court was authorized *in its discretion* to revoke Goff's suspended sentence even though no conditions of probation or parole were set forth in the original judgment. Section 46-18-203(1), MCA (1985). A district court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in a substantial injustice. *Belanger*, ¶ 9. We conclude that the District Court did not act arbitrarily in this case or exceed the bounds of reason when it revoked Goff's suspended sentence.

¶21 We held in *State v. Nelson*, 225 Mont. 215, 219, 731 P.2d 1299, 1302 (1987), that a district court could revoke a defendant's suspended sentence if the defendant violated an implied condition of suspension that he remain a "law-abiding citizen." In that case, like the instant case, the revocation was not premised upon the violation of any condition of the defendant's suspended sentence. Instead, the defendant in *Nelson* conceded, on the basis of his participation in the burglary of a convenience store, that the State could prove

7

he had not been a "law-abiding citizen," thus he violated an implied condition of his sentence. *Nelson,* 225 Mont. at 219, 731 P.2d at 1302.

¶22 Similarly, in the instant case, while the reports of violation filed by Goff's probation officer listed several violations of the conditions of his release as imposed by the DOC, including that Goff failed to maintain a residence and failed to report to his probation officer, the court revoked Goff's suspended sentence based on his guilty plea to the offense of felony bail jumping, i.e., that he failed "to remain law abiding." " 'Even a single violation of the terms and conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence.' " *State v. Striplin*, 2009 MT 76, ¶ 15, 349 Mont. 466, 204 P.3d 687 (quoting *State v. Martinez*, 2008 MT 233, ¶ 15, 344 Mont. 394, 188 P.3d 1034).

¶23 Moreover, even though the 1987 judgment in this case did not set forth any express conditions regarding the suspension of Goff's sentence, the court did state the following in support of the sentence imposed:

> In sentencing the defendant, the court has considered his individual characteristics, circumstances, needs, and potentialities. During the commission of the robbery of the Ramada Inn on May 29, 1987 south of Kalispell, the defendant brandished a firearm and ordered two clerks into a small office. The defendant's apparent willingness to use a firearm in the commission of this offense *illustrates his lack of ability to conform himself to the conduct of society.* In sentencing the defendant, the court is cognizant of the extreme potential for violence in the commission of this robbery, whether or not any was intended.
>
> The court is also cognizant and finds most disturbing the defendant's prior criminal history illustrating an extensive criminal record of armed robberies, assaults on officers with firearms, escapes, and forging checks. Because of the defendant's use of the weapon in this offense, and his criminal history, the court finds that the dangerous offender designation is appropriate.

It is evident from the serious manner in which the defendant committed this crime and his extensive criminal history, that *the defendant has failed to conform his conduct to the expectations of a law abiding society*, and the extensive prison sentence is warranted. [Emphasis added.]

Thus, while the court in 1987 did not expressly state as a condition of suspension that Goff remain law abiding, the court clearly stated its concern with Goff's ability to do so.

¶24 Furthermore, we agree with the State's observation in this case that where the ultimate standard for revocation is whether the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty, *Belanger*, ¶ 9, Goff cannot legitimately claim, based on the basic proscription against criminal conduct and the admonitions in the original judgment, that he would not be expected to be law abiding upon his release from prison to serve his suspended sentence.

¶25 Accordingly, we hold that the District Court did not abuse its discretion in revoking Goff's suspended sentence.

**Issue 2.**

¶26 *Did the District Court abuse its discretion in setting new terms and conditions on Goff's sentence?*

¶27 Goff correctly argues that in revoking his suspended sentence on his 1987 conviction for robbery, the District Court had only two options under § 46-18-203, MCA (1985): (1) either revoke the suspended sentence and order the defendant to serve the remainder of his prison term; or (2) continue the suspended sentence under the original terms. *See Brister*, ¶ 27. Goff contends that by setting new terms and conditions on his

9

sentence, the District Court extended its statutory authority and violated the law. Thus, he argues that this case must be remanded for resentencing to strike those conditions.

¶28 Contrary to Goff's contentions, the District Court did not set any new terms and conditions on his 1987 conviction. Instead, the new terms and conditions were added to Goff's suspended sentence for his 2008 conviction for bail jumping. After revoking his suspended sentence on his 1987 conviction, the District Court correctly sentenced Goff to serve the remainder of the prison sentence originally imposed in 1987. The Court also committed Goff to the DOC for five years on the bail jumping charge. The court held that the five-year sentence for bail jumping should run consecutive to his prior sentence and that all five years of his sentence for bail jumping would be suspended.

¶29 While the District Court did not specifically state in its written Order of Revocation, Judgment and Sentence that the conditions it imposed for probation or parole applied only to Goff's sentence on his conviction for bail jumping, the court did make that distinction in its oral pronouncement of sentence. At the July 9, 2009 sentencing hearing, the District Court Judge stated the following:

> And accordingly then in Cause No. DC-87-093(A) the probationary disposition . . . will be that the Defendant will be sentenced to the Montana State Prison for a term of 20 years and under the good time provisions he will have credit for approximately one-half of that disposition.
> In Cause No. DC-08-430(A) for the offense of bail jumping, the Defendant will be sentenced to a term of incarceration of five years to run consecutively to the disposition in – in the 1987 matter and the five year disposition will be suspended in its entirety. *For the suspended portion of this disposition* the Defendant will be under the jurisdiction of the Bureau of Probation and Parole of the State of Montana subject to all of their rules and regulations to include but not be limited to the conditions as set forth on pages 6, 7 and 8 of the Pre-Sentence Investigation . . . . [Emphasis added.]

10

¶30 In *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9, we held that the oral pronouncement of a criminal sentence in the presence of the defendant is the "legally effective sentence and valid, final judgment" and that the written judgment is merely evidence of the oral sentence. Consequently, we concluded in *Lane* that in the event of a conflict between the oral pronouncement of sentence and the written judgment and sentence, the oral pronouncement of sentence controls. *Lane*, ¶ 48.

¶31 We later refined our holding in *Lane* to provide that when determining whether the written judgment is unlawful by reason of its non-conformance with the oral pronouncement of sentence, we need determine (1) whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing; and (2) whether that portion of the written judgment substantively increases the defendant's loss of liberty or the defendant's sacrifice of property. *State v. Johnson*, 2000 MT 290, ¶ 24, 302 Mont. 265, 14 P.3d 480.

¶32 In the instant case, while the written judgment does not conform entirely to the oral pronouncement of sentence, we do not find that the written judgment is unlawful. Although it is not clear from the written judgment whether the new terms and conditions apply to both sentences, the oral pronouncement of sentence clearly indicates that the court intended the new terms and conditions to apply only to Goff's five-year suspended sentence on the 2008 bail jumping conviction and not to his 1987 conviction for robbery.

¶33 In order to prevent confusion and further litigation on this point in the future, however, we conclude that it is necessary that we remand this cause to the District Court

11

with instructions to enter an amended judgment in conformance with its oral pronouncement of sentence and this Opinion.

¶34 Accordingly, we hold that the District Court did not abuse its discretion in setting new terms and conditions on Goff's sentence.

¶35 Affirmed, but remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS