

DA 11-0315

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 115A

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

THOMAS JAMES EVANS, SR.,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 02-369A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Joslyn Hunt, Chief Appellate Defender; Koan Mercer, Assistant Appellate
Defender; Missoula, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant
Attorney General; Helena, Montana

        Ed Corrigan, Flathead County Attorney; Kalispell, Montana

           Submitted on Briefs: April 11, 2012
                  Decided: May 29, 2012
              Amended: June 26, 2012

Filed:

                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Thomas Evans appeals the revocation of his suspended sentence by the Eleventh Judicial District Court.   We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

¶2      Evans raises the following issues on appeal:

¶3      *1.   Whether the District Court lacked jurisdiction to conduct the revocation proceedings.*

¶4      *2.   Whether Evans was denied due process of the law.*

¶5      *3.   Whether the State established grounds for revocation by a preponderance of the evidence.*

¶6      *4.   Whether the District Court erred in failing to award Evans credit for time served in jail prior to the revocation of his suspended sentence.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶7      On February 13, 2003, Evans pleaded guilty in Flathead County District Court to felony issuance of bad checks and was sentenced to a five-year commitment to the Department of Corrections.   Evans was given credit for nineteen days served in the Flathead County Detention Center pending final disposition.   That sentence was suspended, pursuant to conditions, and was to run consecutive to a prior Missoula County sentence for issuing bad checks.   On February 12, 2008, Evans began serving his suspended sentence out of Flathead County.   One of the conditions of his suspended sentence was that he "remain law-abiding."

¶8      On November 12, 2010, Missoula law enforcement responded to a report that Evans had assaulted his former girlfriend, Delia Cree Medicine.   The Missoula Police

2

Department located Evans after he fled the scene and arrested him. The Missoula County Attorney subsequently charged Evans with felony assault with a weapon and misdemeanor partner or family member assault (PFMA).

¶9    It is unclear from the record when Evans' probation officer, Richard Miller, became involved in the new proceedings. The police reports from the November 12 incident do not mention Miller or indicate he was notified of Evans' arrest. However, documents from Evans' appearance in Missoula County District Court on November 18, 2010, state Miller requested Evans' bail be set at $20,000. The standing master set bail in that amount concurrent with the $15,000 previously set in Missoula County Justice Court on Evans' new charges. Evans did not post bail and remained in custody in Missoula County.

¶10    On December 20, 2010, Miller filed an affidavit in support of revocation of Evans' suspended sentence in Flathead County. Miller detailed Evans' criminal history and indicated he had violated the conditions of his suspended sentence based on the conduct that led to his arrest in Missoula County. Miller attached the police reports from that incident and recommended Evans' suspended sentence be revoked. On December 28, 2010, the Flathead County Attorney filed a petition for the revocation of Evans' suspended sentence. On December 30, 2010, the Flathead County District Court issued a warrant for Evans' arrest "finding there is probable cause to believe that [Evans] has violated the conditions of his suspended sentence as alleged."

¶11    On January 25, 2011, Evans was released on his Missoula felony offense but remained detained pursuant to the bench warrant from Flathead County. Evans made his

3

initial appearance in Flathead County on January 28, 2011, and his bond was set at $50,000. On February 14, 2011, the Missoula County Attorney dismissed the felony assault charge against Evans but retained the misdemeanor PFMA count.

¶12 Evans filed a motion to dismiss the revocation proceedings in Flathead County, arguing the State failed to comply with the procedures articulated in § 46-23-1012, MCA. The District Court denied the motion and held a hearing on the revocation of Evans' suspended sentence on March 31, 2011. The only evidence offered by the State was Miller's testimony. Miller testified that Evans signed the rules of probation when he began his suspended sentence and Evans had violated those rules of conduct. Miller testified as to the events recounted in the police reports from November 12, 2010, stating Evans hit Cree Medicine in the face with the toilet plunger, cut her with a knife, slashed the tires on her car, and had been smoking marijuana. While Evans' counsel pointed out that the reports stated only allegations, Evans did not object to Miller's testimony. Miller stated he and Evans' former probation officer had warned Evans "numerous times to leave [Cree Medicine] alone." Miller also described other prior incidents of Evans' violent behavior where police were involved but he was not prosecuted. Evans cross-examined Miller but did not call any witnesses or offer any exhibits into evidence. At the conclusion of the hearing, the court found Evans "to be in violation of the probationary disposition as alleged and reported by the probation officer, Mr. Miller in Missoula." The court sentenced Evans to the Department of Corrections for five years with credit for time served for the sixty-three days Evans was held in the Flathead County Detention Facility prior to the hearing. Evans appeals.

4

**STANDARD OF REVIEW**

¶13    The revocation of a suspended sentence is reviewed to determine whether it was supported by a preponderance of the evidence and, if it was, whether the district court abused its discretion. *State v. Goff*, 2011 MT 6, ¶ 13, 359 Mont. 107, 247 P.3d 715; § 46-18-203(6), MCA. Whether a probationer's right to due process has been violated presents questions of law and our review is plenary. *State v. Finley*, 2003 MT 239, ¶ 10, 317 Mont. 268, 77 P.3d 193.

**DISCUSSION**

¶14    *1.    Whether the District Court lacked jurisdiction to conduct the revocation proceedings.*

¶15    Section 46-23-1012, MCA, provides the procedures required to detain a person for a suspected violation of a condition of probation. It states:

> (1) At any time during probation, if a probation and parole officer reasonably believes that the probationer has violated a condition of probation, a court may issue a warrant for the arrest of the probationer . . .
> (2) Any probation and parole officer may arrest the probationer without a warrant or may orally deputize any other officer with power of arrest to do so by giving the officer oral authorization and within 12 hours delivering to the detention center a written statement setting forth that the probationer has, in the judgment of the probation and parole officer, violated the conditions of probation. . . .
> (3) A probation and parole officer may authorize a detention center to hold a probationer arrested under this section without bail for 72 hours. . . .
> (4) If the probationer is detained and bond is set, the probation and parole officer shall file a report of violation within 10 days of the arrest of the probationer.

¶16    Evans initially claimed the State failed to comply with § 46-23-1012(3) and (4), MCA, but subsequently withdrew his challenge under subsection (3). Evans argues the

State failed to comply with § 46-23-1012(4), MCA, because his bond was set on November 18, 2010, yet Miller's report of violation was not filed until December 20, 2010.

¶17 We have observed that "the State's failure to comply with the procedural requirements of § 46-23-1012(4), MCA, is a jurisdictional error that results in the voiding of the prior proceeding *ab initio* upon reversal." *Finley*, ¶ 13. However, "the procedural remedy available to the State is to re-file a revocation petition as if the voided prior proceedings had never occurred." *Finley*, ¶ 14. The State contends the record is insufficient to determine if there was a violation of the statutory procedures, and, in any event, the subsequent initiation of formal revocation proceedings established the district court's jurisdiction over the revocation of Evans' suspended sentence. We agree.

¶18 In *State v. Johnston*, 2008 MT 318, ¶ 25, 346 Mont. 93, 193 P.3d 925 (*overruled on other grounds by State v. Maynard*, 2010 MT 115, ¶ 21, 356 Mont. 333, 233 P.3d 331), we explained that "the manner in which the State initiates revocation proceedings will determine which of the requirements set forth in § 46-23-1012, MCA, will apply." A probationer arrested pursuant to a bench warrant under § 46-23-1012(1) must be brought before the court "without unnecessary delay," while the other subsections of the statute are applicable when arrests or detention holds are initiated by a probation officer. *Johnston*, ¶ 25.

¶19 Here, Evans was arrested on November 12, 2010, by the Missoula Police Department on charges independent of an alleged probation violation. On November 18, 2010, when bail was set for the probation violation, it was made concurrent to his bail on

6

the new charges and Evans was never detained in Missoula County on the probation hold alone. Evans claims Miller was required to file his report of violation, at the latest, within ten days from November 18. In *Johnston*, we noted that when a probationer is arrested on grounds independent from a probation violation, a probation officer need only file his report of violation within ten days of issuing a warrant to arrest and hold the probationer. *Johnston*, ¶ 28.

¶20 The record does not establish that Evans was held for his probation violation until after he was released from the Missoula County charges. He was then detained pursuant to a bench warrant and transported to Flathead County on January 28, 2010. By that time, Miller already had filed his report of Evans' violation with Flathead County. Evans was taken into custody in Flathead County pursuant to a bench warrant, in accordance with § 46-23-1012(1), MCA, and subsection (4) therefore is not applicable. The statute mandated that Evans appear before the court "without unnecessary delay." *Johnston*, ¶ 25.

¶21 Evans acknowledges the arrest warrant may have relieved the State from the need to comply with § 46-23-1012(3)-(4), MCA. He asserts, however, that the warrant could not have initiated the revocation proceedings because it was filed after the petition to revoke Evans' suspended sentence. Evans cites no authority for such a timing requirement and under § 46-18-203, MCA, an arrest warrant may issue upon the filing of the petition.

¶22 Evans additionally argues that the bail on his probation hold, set at $5,000 more than the bail set on the new charges, constituted a detention necessitating the filing of a

7

report of violation within 10 days of November 18, 2010. We decline to address this contention as there is no evidence in the record that Evans was held exclusively on the revocation charge prior to Miller filing his affidavit, or the District Court issuing a bench warrant. We conclude the State complied with the requirements of § 46-23-1012, MCA.

¶23    2.    *Whether Evans was denied due process of the law.*

¶24    Evans claims he was denied due process on several grounds: first, the District Court's order made no specific findings as to the factual basis for Evans' revocation; second, he was not given notice the State would seek to prove a violation based on Evans' having smoked marijuana; third, Evans was not brought before a judge without unnecessary delay; fourth, the State presented unreliable evidence and failed to show good cause for not calling Cree Medicine to testify. Evans concedes he failed to raise any of these issues in District Court, but asks this Court to exercise plain error review.

¶25    We conduct plain error review "sparingly, on a case-by-case basis" and require the defendant to show both that: "(1) 'the alleged error implicates a fundamental right'; and (2) 'failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.'" *State v. Wilson*, 2011 MT 277, ¶ 28, 362 Mont. 416, 264 P.3d 1146 (quoting *State v. Gunderson*, 2010 MT 166, ¶¶ 99-100, 357 Mont. 142, 237 P.3d 74). "[A] mere assertion that constitutional rights are implicated or that failure to review the claimed error may result in a manifest miscarriage of justice is insufficient to implicate the plain error doctrine." *Gunderson*, ¶ 100.

8

¶26 While Evans faults the State and the District Court for the claimed errors listed above, neither was afforded an opportunity to correct or explain them because Evans made no contemporaneous objection. The court's order makes clear it revoked Evans' sentence on the basis of the information provided by Miller, which recounted Evans' offending behavior. Any evidence of marijuana was not critical to the court's determination that Evans violated the terms of his suspended sentence. Moreover, Evans acknowledged he had an opportunity to review Miller's report of violation, which included the police reports and Cree Medicine's statements that Evans "had smoked marijuana." Had Evans objected to the claimed evidentiary deficiencies, the State would have had an opportunity to cure them by offering additional evidence.

¶27 Evans premises his unnecessary delay argument on the assertion that he did not have his initial appearance in Flathead County until February 17, 2011, when the court first addressed his motion to dismiss. However, the record reflects, in the "Conditional Appointment of Public Defender" form signed by the Justice of the Peace, that Evans had his initial appearance the same day he was arrested, on January 28, 2011.

¶28 Based upon the record before us and Evans' allegations, "we are not 'firmly convinced' that failing to address the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial proceedings, or compromise the integrity of the judicial process." *Gunderson*, ¶ 101. We decline to exercise plain error review under these circumstances.

9

¶29    *3.    Whether the State established grounds for revocation by a preponderance of the evidence.*

¶30    Section 46-18-203(6), MCA, requires the State to prove, by a preponderance of the evidence, that a defendant violated the conditions of his suspended sentence. "A revocation hearing is not a criminal trial, but rather a hearing to establish whether or not a probation violation has occurred." *State v. Pedersen*, 2003 MT 315, ¶ 20, 318 Mont. 262, 80 P.3d 79. The Montana Rules of Evidence do not apply to revocation hearings; however, the proceedings must be fundamentally fair. M. R. Evid. 101(c)(3); *In re Meidinger*, 168 Mont. 7, 15, 539 P.2d 1185, 1190 (1975).

¶31    Evans acknowledges the lower burden of proof in revocation hearings, but notes it is still incumbent upon the State to affirmatively show it was more likely than not that Evans violated the conditions of his suspended sentence. Evans contends the State failed to meet this burden because it presented testimony from only a single witness who merely recited unsworn allegations from police reports.

¶32    The State's reliance on the probation officer's testimony alone may have been sloppy practice for presenting evidence in revocation proceedings; however, Evans did not object, did not testify, and did not put on any evidence of his own. The record stands uncontradicted, based on Miller's statements, concerning Evans' conduct on the night of his arrest. While cross-examining Miller, the only reference Evans' attorney made to the incidents on November 12, 2010, was to clarify that he was charged with one felony, rather than two.

10

¶33 "A single violation of the conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence." *State v. Gillingham*, 2008 MT 38, ¶ 28, 341 Mont. 325, 176 P.3d 1075. One of the conditions of Evans' suspended sentence was that he "remain law-abiding." Given the uncontroverted testimony concerning the conduct that led to Evans' arrest, we find no error in the District Court's determination that the State demonstrated a violation by a preponderance of the evidence.

¶34 *4.* *Whether the District Court erred in failing to award Evans credit for time served in jail prior to the revocation of his suspended sentence.*

¶35 The District Court awarded Evans credit for sixty-three days he served in Flathead County custody prior to his sentencing. Evans argues, and the State concedes, he should have been given additional credit for the seventy-six days he was in custody in Missoula County and for the nineteen days' credit granted in his original judgment. Section 46-18-403(1), MCA, states, "A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction . . . ." Credit is given for time served regardless of where a defendant is held so long as the "incarceration was directly related to the offense for which the sentence is imposed." *State v. Erickson*, 2008 MT 50, ¶ 19, 341 Mont. 426, 177 P.3d 1043. Here, Evans' suspended sentence was revoked based on the conduct that led to his arrest in Missoula County. In its brief, the State notes Evans' charges in Missoula County were ultimately dismissed, therefore Evans would not receive double credit for his time in custody there.

¶36  Accordingly, we remand to the District Court to grant Evans additional credit for time served in the amount of ninety-five days for a total of 158 days. The District Court is affirmed in all other respects.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS