DA 12-0723

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 206N

KELLY L. OLSEN,

  Petitioner and Appellant,

v.

STATE OF MONTANA,

  Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-07-402
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Kelly L. Olsen (Self-Represented), Deer Lodge, Montana

  For Appellee:

  Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

  Fred R. Van Valkenberg, Missoula County Attorney, Susan E. Boylan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  June 26, 2013

Decided:  July 23, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Olsen appeals from the District Court's denial of his motion to amend judgment.

¶3 During August and early September 2007, Kelly Olsen violated an order of protection by repeatedly contacting his wife by telephone and leaving messages. He was subsequently charged with 34 felony counts of Violation of Order of Protection—3rd (or subsequent) Offense. On October 24, 2007, he entered pleas of not guilty to all charges. On December 9, 2007, Olsen was released from the Missoula County Detention Center and transported to the Montana Chemical Dependency Center where he had a December 10, 2007 bed date.

¶4 On February 6, 2008, the District Court conducted a change of plea hearing at which Olsen entered guilty pleas to Counts I-VII and the State dismissed Counts VIII-XXXIV. Olsen was sentenced on March 26, 2008, as follows: Counts I-III sentence deferred for one year but to run concurrent with each other; Counts IV-VII two years suspended for each count at Montana State Prison (MSP) to run consecutive with each other but concurrent with Counts I-III.

¶5 On May 28, 2008, Olsen was arrested for violating the protection order again. On June 23, 2008, the State filed a Petition to Revoke and on June 25, 2008, the court

2

conducted a hearing on the State's petition. The hearing was continued to July 16, 2008, however, because Olsen and his counsel had not yet received a copy of the State's petition. On July 16, 2008, Olsen, appearing via video conferencing from the detention center, denied the alleged violations.

¶6 On January 9, 2009, Olsen, also via video conferencing, withdrew his previous denials and admitted to two allegations in the report of violation. The District Court revoked Olsen's probationary sentence. On February 6, 2009, the District Court sentenced Olsen to two years at MSP for each Count I-III to run consecutively with each other and two years at MSP for each Count IV-VII to run consecutively with each other and concurrently with Counts I-III. He was given credit for 353 days for time served.

¶7 In September 2012, Olsen, no longer represented by counsel and representing himself, moved to amend his judgment on the ground that the State's petition to revoke was untimely. He alleged that he had been in custody for 26 days before the petition to revoke was filed and that this delay was a clear violation of § 46-23-1012, MCA, which requires the State to file a report of violation within 10 days of the arrest of the probationer. The State agreed that Olsen had been in custody for 26 days before the petition to revoke was filed but argued that Olsen was not in custody for that period of time on a probation violation in this criminal case. Rather, the State asserted that Olsen was arrested on May 28, 2008, for both a probation violation in this case and a new felony charge in another criminal case. The Missoula County Detention Facility booking report indicated that Olsen was "released" on the probation violation on May 28, 2008, and was thereafter held on the felony charge in a separate criminal case. The District

Court denied Olsen's motion to amend. Continuing to represent himself, Olsen filed this appeal in December 2012 challenging the District Court's denial of his motion to amend the judgment.

¶8 On appeal, Olsen maintains that because he was detained more than 10 days in the Missoula County Detention Center in violation of § 46-23-1012, MCA, the District Court illegally revoked and then illegally sentenced him. The State, however, correctly asserts that because the District Court had no authority to "amend" Olsen's sentence after it was pronounced, Olsen's motion to amend would be better characterized and analyzed as a request for postconviction relief.

¶9 Section 46-23-1012, MCA, controls revocation proceedings for a probationer's alleged violation. Among other things, § 46-23-1012, MCA, states:

> (3) A probation and parole officer may authorize a detention center to hold a probationer arrested under this section without bail for 72 hours. Within 72 hours following the probationer's detention, the probation and parole officer shall:
> (a) authorize the detention center to release the probationer;
>
> . . .
>
> (4) If the probationer is detained and bond is set, the probation and parole officer shall file a report of violation within 10 days of the arrest of the probationer.

¶10 In the case before us, the record clearly indicates that Olsen's probationary hold lasted a matter of hours, not days as alleged by Olsen. When Olsen was arrested on May 28, 2008, for a new felony offense, a $50,000 warrant was issued in the felony matter. Olsen was subsequently detained under this new warrant. The record is clear that his 26-day detention was not an unlawful probationary hold.

4

¶11   Given that Olsen was released on his alleged probation violation within hours of his detention, there is nothing in the statute or our case law that precludes a subsequent report of violation to be issued 26 days later. *See State v. Maynard*, 2012 MT 115, 356 Mont. 333, 233 P.3d 331.

¶12   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.


/S/ PATRICIA COTTER


We Concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER
/S/ BRIAN MORRIS